**In the Matter of Roy Ray HENDERSON, Debtor.**

**GOLD KIST, INC., Plaintiff,**

v.

**Roy Ray HENDERSON, Defendant.**

**Bankruptcy No. 81–50780.**
**Adv. No. 81–5209.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Aug. 24, 1982.

---

John C. Weitnauer, Alston, Miller & Gaines, Atlanta, Ga., for plaintiff.

Byrd Garland, Garland & Milam, P.C., Jackson, Ga., for defendant.

## STATEMENT OF THE CASE

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

Defendant Roy Ray Henderson filed his petition with this Court under Chapter 7 of Title 11 of the United States Code on July 23, 1981. On October 12, 1981, Plaintiff Gold Kist, Inc. (Gold Kist) filed its "Complaint to Determine the Dischargeability of a Debt and to Object to Discharge."

Gold Kist's complaint alleges that Defendant had obtained property or an extension, renewal or refinance of credit from Gold Kist by use of a materially false financial statement upon which Gold Kist reasonably relied. The complaint also alleges that the amount of the debt to Gold Kist was not less than $48,868.31 and requests the Court to find the debt to be nondischargeable and further requests that the Court deny Defendant a discharge.

A second count of the complaint alleges that Defendant has transferred property with the intent to hinder, defraud or delay creditors, and requests that Defendant therefore be denied a discharge. A third count of the complaint alleges that Defendant has acted in bad faith and prays for an award of attorney's fees and for punitive damages.

Defendant's answer to Gold Kist's complaint asserts that Gold Kist has failed to state a claim upon which relief can be granted. The answer admits that Defendant owes Gold Kist not less than $48,868.31 but denies the other allegations of the complaint. Further, the answer asserted a counterclaim against Gold Kist in five counts.

The five counts of Defendant's counterclaim may be summarized as follows: (1) Defendant alleged that Gold Kist sold cattle feed to Defendant and that the feed contained metal objects that caused twenty cows to die, injuring Defendant in the amount of $30,000; (2) Defendant alleged that Gold Kist promised Defendant that it would install milk meters at Defendant's place of business but failed to do so, injuring Defendant in an amount equal to the value of the meters; (3) Defendant alleged that Gold Kist did not maintain a constant supply of feed to Defendant, thus causing a loss of production on Defendant's dairy farm and injuring Defendant in the amount of $39,200; (4) Defendant alleged that Gold Kist promised Defendant that his production would increase as a result of Gold Kist's supplying Defendant with cattle feed and management, but the production actually declined, thus injuring Defendant in the amount of $54,000 in lost profits; and (5) Defendant alleged that Gold Kist acted in bad faith, thus entitling Defendant to an award of attorney's fees and punitive damages.

Gold Kist answered the counterclaim and moved for summary judgment on the counterclaim. The motion asserted that the Trustee was the only proper party to complain of Gold Kist's actions, since under

section 541 of the Bankruptcy Code all "legal or equitable interests of the debtor in property" pass to the bankruptcy estate. 11 U.S.C.A. § 541 (West 1979). The Court granted Gold Kist's motion on January 7, 1982, and ordered that Defendant's counterclaim be dismissed.

On February 8, 1982, Defendant filed an amendment to his answer, seeking to redesignate the first four counts of the counterclaim as "setoff." [1] On February 9, 1982, the Court granted Defendant's motion, subject to objection. Gold Kist filed its objection to the amendment on February 17, 1982.

### CONCLUSIONS OF LAW

Gold Kist's objection to the amendment asserts that an amendment that is subject to a motion to strike should not be allowed. Gold Kist asserts that Defendant's amendment is subject to a motion to strike because it asserts the same claims as the counterclaim that has already been dismissed. The Court does not agree.

Rule 713 of the Rules of Bankruptcy Procedure, R.Bankr.P. 713, makes Federal Rule of Civil Procedure 13, Fed.R.Civ.P. 13, applicable to adversary proceedings, with certain exceptions not relevant here. Rule 13 governs the assertion of counterclaims and cross-claims. Under Rule 13, a claim of setoff is generally regarded as a permissive counterclaim. 3 Moore's Federal Practice ¶ 13.18 (1972); *In re Monongahela Rye Liquors,* 141 F.2d 864 (3d Cir.1944). This analysis would seem to support Gold Kist's claim that the amendment should not be allowed, since the right to bring a counterclaim belongs to the Trustee.

However, a claim of setoff may also be used as an *affirmative defense* under Rule 8(c) of the Federal Rules of Civil Procedure.[2] "At times, though, a Defendant may

desire to use ... set-off defensively, rather than as the basis of a counterclaim seeking affirmative relief, and he may properly do so." 2A Moore's Federal Practice ¶ 8.27[3] (1979).[3] In that case, a claim of setoff may not be used to gain an affirmative recovery but may be employed only to reduce the claim of the opposing party.

That is the situation in this adversary proceeding. Defendant finds himself unable to assert a counterclaim against Gold Kist and now seeks to defend against Gold Kist's complaint by raising as a defense certain debts allegedly owed to him by Gold Kist. The Court therefore allows the amendment to Defendant's complaint as an affirmative defense. Defendant will not be able to gain an affirmative recovery from Gold Kist but may use any recovery to him as a setoff against any recovery made by Gold Kist.[4]

Gold Kist has also moved to strike the amendment to the answer, should the amendment be allowed. For the reasons discussed above, the amendment is not subject to a motion to strike.

---

1. The proposed amendment to the complaint does not seek an award of attorney's fees or punitive damages. Neither do the setoff counts pray for awards in any specific amount.

2. Made applicable in bankruptcy adversary proceedings by R.Bankr.P. 708.

3. *See Basic Boats, Inc. v. United States,* 311 F.Supp. 596 (E.D.Va.1970).

4. Gold Kist has also objected to the amendment because Gold Kist may be deprived of adequate time for discovery. The Court will set a trial date so as to allow the parties ample time for discovery.