**William F. JORDAN and William A. Rogers, on Behalf of Themselves and All Others Similarly Situated, Appellants,**

v.

**MONTGOMERY WARD & CO., Incorporated, Appellee.**

**No. 20604.**

United States Court of Appeals, Eighth Circuit.

May 3, 1971.

Rehearing Denied May 20, 1971.

Before MATTHES, Chief Judge, and VAN OOSTERHOUT and LAY, Circuit Judges.

MATTHES, Chief Judge.

This interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), is focused upon the recently enacted Federal Truth in Lending Act, 82 Stat. 146 et seq. (1968) (15 U.S.C. § 1601 et seq.). At issue is the propriety of the court's action in striking, on motion of the appellee, subparagraphs *a, c,* and *d* of paragraph 7 of. Count I of appellants' complaint.[1]

In September of 1969 appellant Rogers purchased a stereo from appellee through its catalogue which contained the statement, "NO MONTHLY PAYMENTS TILL FEBRUARY *when you order stereo on Credit at Wards*—see *page* 3." Page 3 of the catalogue set forth in large capital letters, "NO MONTHLY PAYMENT TILL FEBRUARY ON APPLIANCES AND HOME FURNISHINGS ORDERED ON CREDIT FROM ANY WARDS CATALOG OR STORE." In smaller type on the same page the following statement is found, "If your order is being added to an account that is already open, there will be no monthly payment *increase* till February 1970."

In January, 1970, appellant Jordan purchased merchandise from appellee's "Great 1970 Winter Sale" catalogue which contained this statement conspicuously located in circular presentation, "PRE-SEASON SPECIAL *no monthly payments till June.*"

The appellants subsequently learned that the finance charges on these purchases were imposed from the date of the purchase rather than from the date payment was due, February and June respectively, as indicated by the catalogue. Appellants were thereby motivated to sue appellee on the theory that they were induced to make the purchases on credit because of the language of the alleged non-complying advertisement and

Donald C. Savelkoul, Sigal & Savelkoul, Minneapolis, Minn., for appellants.

Kenneth W. Green, O'Connor, Green, Thomas, Walters & Kelly, Joe A. Walters, Frank J. Walz, Minneapolis, Minn., for appellee.

---

1. All of Count II alleging violations of a Minnesota statute was stricken. The propriety of this action is not an issue on appeal.

were entitled to prosecute this private claim for relief pursuant to the civil liability provisions of the Truth in Lending Act.

The material part of Count I alleged that the jurisdiction of the court was founded on section 130 of the Act, 15 U.S.C. § 1640. The focal part of the complaint is paragraph 7:

"7. While so engaged in advertising for sales, *making credit sales,* and sending periodic statements to plaintiffs [appellants] and the members of their class which plaintiffs [appellants] represent, defendant [appellee] has violated and continues to violate the Act of Congress of May 29, 1968, 82 Stat. 146 et seq. (15 U.S.C.A. Section 1601, et seq.), and the Regulations which were adopted pursuant to said Act, and which are contained in Regulation Z, 12 CFR 226, in the following respects, among others:

"a. By failing to disclose that any finance charge is being imposed on items offered for sale and all as required by 12 CFR 226.10;

"b. By failing to disclose and express its applicable minimum finance charge in excess of fifty (50) cents in terms of an annual percentage rate in accordance with the requirements of Regulation Z, 12 CFR 226.5(a) (3) (i) and Section 127 of the Act * *,

"c. By stating that no payments whatsoever are required until some future date, without disclosing the imposition of a finance charge thereon;

"d. By containing numerous pages of advertisements of products and prices without any reference to the imposition of finance charges;

"e. By failing to disclose on its periodic statements that the periodic rate exceeds 1.5% per month and an annual percentage rate of eighteen per cent (18%) because credit is not given for payments made and returns made during the billing cycle; * *." [Emphasis added]

Appellee challenged the complaint by motion and alleged that subparagraphs *a, c* and *d* of Paragraph 7 related only to credit advertising, were legally irrelevant to a private action, were not within the subject matter jurisdiction of the court, and should be stricken under Rule 12(f), Fed.R.Civ.P. The trial court granted the motion, and thereafter filed the requisite order for a § 1292(b) appeal, which we granted.

In its supporting memorandum opinion, 317 F.Supp. 948, the district court noted that the Truth in Lending Act deals separately with credit transactions and credit advertising. It concluded that the language and the legislative history of the Act supported the conclusion that Chapter 2, section 130 (15 U.S.C. § 1640) was not intended as a grant of jurisdiction to the courts for the purpose of granting relief for violations of the "Credit Advertising" provisions of the Act.

As we view this case in its present posture, the issue to be resolved is whether persons who plead that they were misled by and consummated credit transactions relying on advertisements not complying with the credit advertising provisions of the Act are entitled to maintain an action for civil liability as provided in Chapter 2 of the Act, specifically section 130. Appellants concede, as they must, that a person who merely sees a non-complying advertisement, but does nothing more, has no actionable claim. But they vigorously argue that where a purchase resulting in a credit transaction is made in reliance on the advertisement, the purchaser may maintain an action for civil liability under Chapter 2 of the Act. We disagree.

The Federal Truth in Lending Act is composed of three distinct Chapters:[2] Chapter 1—General Provisions, 15 U.S. C. §§ 1601–1613; Chapter 2—Credit Transactions, 15 U.S.C. §§ 1631–1644; and Chapter 3—Credit Advertising, 15 U.S.C. §§ 1661–1665. The language of section 108 (15 U.S.C. § 1607) and the legislative history evinces that Congress intended that the Act be enforced primarily by administrative agencies. However, provision is made for the institution of a civil action by an aggrieved debtor under specific circumstances. See H.R.Rep.No. 1040, 90th Cong., 2d Sess. (1968).[3] Section 130, found in the Credit Transaction Chapter of the Act, provides:

"(a) Except as otherwise provided in this section, any creditor who fails in connection with any *consumer credit transaction* to disclose to any person any *information required under this chapter* to be disclosed to that person is liable to that person in an amount equal to the sum of

(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater that $1,000; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court.

\*   \*   \*   \*   \*   \*

"(e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." [Emphasis added]

■■ There is no similar provision in the credit advertising chapter of the Act. In fact it appears that it was the intent of the Congress not to provide private civil relief for violations of the credit advertising provisions. In the section by section analysis of the bill as presented to the House Banking and Currency Committee, the comment on the private civil penalty provision reads as follows:

"This subsection sets forth civil penalties of double the finance charge with a minimum of $100 and a maximum of $1,000, for failure to comply with section 203 [essentially the provisions presently included in the credit transaction and credit advertising portions of the Act] *(other than the advertising requirements)*." [Emphasis added]

H.R.Rep. 1040 supra, U.S.Code Cong. & Admin.News 1968, p. 1987. The Report also states:

"[T]he bill specifically exempts credit advertising from the application of civil penalties. This exemption has been written into the bill by your committee to avoid the possibility that anyone, not a party to an actual transaction, seeing an advertisement not complying with the disclosure requirements of the bill would attempt to seek civil penalties." U.S.Code Cong. & Admin.News, p. 1976.

Consideration of the above legislative history in conjunction with Section 130 supports our conclusion that this section does not confer original subject matter jurisdiction in the federal courts over a claim of violation of the credit advertising provisions of the Act by private individuals. Rather, authority to enforce compliance with the credit advertising requirements is relegated to administrative agencies as provided in section 108 of the Act, 15 U.S.C. § 1607.

Beyond doubt, as appellee recognizes, the civil penalties section creates a statutory remedy and confers jurisdiction on the district courts for actions

---

2. The Chapters were called "Part A, B, and C" respectively in the United States Code Annotated. The term "part" was also substituted for the term "Chapter" throughout the text of the Act as reproduced in U.S.C.A.

3. Reprinted in 1968 U.S.Code Cong. & Admin.News, p. 1962.

brought thereunder. But this section is limited in its scope and application. We cannot extend either the ambit of the remedy so created or the jurisdiction of the district courts established by Congress in the Truth in Lending Act. It is well established that courts may not enlarge by construction the language of a clear and unambiguous statute. Beattie Investment Co. v. United States, 101 F.2d 850 (8th Cir. 1939). To hold as appellants urge, would expand the jurisdictional and remedial purview of the civil penalties section past the boundaries of Congressional intent, thereby violating the rule proscribing judicial legislation. Air Line Stewards and Stewardesses Ass'n, International v. Northwest Airlines, Inc., 162 F.Supp. 684 (1958), affd. 267 F.2d 170 (8th Cir.), cert. denied, 361 U.S. 901, 80 S.Ct. 208, 4 L.Ed. 2d 156 (1959).

Subparagraph *a* of Paragraph 7 of the complaint relates only to violations of the disclosure provisions of the credit advertising part of the Act and Regulation Z. Similarly, subparagraph *d* concerns only the matter printed on the pages of appellee's catalogue. The remedy sought by appellants in their complaint and the jurisdiction of the district court to consider their claims is premised *only* upon § 130, the civil penalties section, which does not apply to violations of the credit advertising chapter of the Act. Accordingly, we hold that the district court properly struck these subparagraphs from the complaint and affirm the court's order to this extent.

However, we find that subparagraph *c* may be construed as encompassing violations of the credit transaction chapter, which the civil penalties section was designed to remedy. Therefore, we find the district court erred in striking subparagraph *c* of Paragraph 7.

We affirm in part, reverse in part, and remand with directions to the district court to reinstate subparagraph *c* of Paragraph 7 of the complaint.

Costs shall be taxed equally.