Raymond OLDHAM, Plaintiff,

v.

Ella M. OLDHAM and Burton Fagan,
Defendants.

Civ. No. 71–C–43–CR.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

Feb. 8, 1972.

Michael W. Fay, Cedar Rapids, Iowa,
for plaintiff.

Byron G. Riley, Jr., Gerald L. Fatka,
D. M. Elderkin, Cedar Rapids, Iowa, for
defendants.

ORDER

McMANUS, Chief Judge.

This matter is before the court on de-
fendants' unresisted motion to dismiss
filed December 6, 1971.

In this private civil action plaintiff,
a citizen of Iowa, seeks damages from
defendants, citizens of Iowa, for garnish-
ment of his wages allegedly in violation
of Subchapter II of the Consumer Credit
Protection Act (Act), 15 U.S.C. § 1671
et seq. Plaintiff claims loss of his right-
ful earnings, damage to his reputation
in the community and exemplary dam-
ages totalling in excess of $10,000.
Plaintiff's Complaint is sufficient to in-
voke the general federal question juris-
diction of the court. 28 U.S.C. § 1331.

Defendants' motion seeks dismissal
for failure to state a claim upon which
relief can be granted on the grounds
that the statute places no duty on people
in the class of defendants, that plaintiff
failed to allege exhaustion of his admin-
istrative remedies and that plaintiff
failed to plead that the garnishments did
not constitute any of the statutory ex-
ceptions. In their brief supporting the
motion defendants further claim that
Subchapter II of the Act makes no pro-
vision for a private civil action to en-
force the provisions of that portion of
the Act. It is this last ground that the
court finds persuasive.

Although no cases have been decided
directly on point, the court is of the
view that when the Act is considered as
a whole (15 U.S.C. §§ 1601–1681) and in
light of Jordan v. Montgomery Ward &
Co., 442 F.2d 78 (8th Cir. 1971), there
is no provision for a private civil action
to enforce Subchapter II.

The Act is divided into three subchap-
ters: I—Consumer Credit Cost Disclo-
sure; II—Restrictions on Garnishment;
III—Credit Reporting Agencies. All
three subchapters provide for primary
enforcement by administrative agencies,
§§ 1607, 1676 and 1681s. Subchapter
II, Section 1676 provides that:

> The Secretary of Labor, acting
> through the Wage and Hour Division
> of the Department of Labor, shall en-
> force the provisions of this subchap-
> ter.

Subchapters I and III provide for a pri-
vate civil action for noncompliance, §
1640 and §§ 1681n, 1681o and 1681p.
There is no such provision in Subchap-
ter II. Further, even the actions for
civil liability which are provided for are

limited in scope and application to the respective part of the Subchapter within which they appear. *Jordan, supra.* Thus, it is the view of the court that if a private civil cause of action were intended for Subchapter II, Congress would have made a specific provision therefor.

As the court said in *Jordan, supra:*

> We cannot extend . . . the ambit of the remedy so created. . . . It is well established that courts may not enlarge by construction the language of a clear and unambiguous statute. . . . To hold as appellants urge, would expand the . . . remedial purview of the civil penalties section past the boundaries of Congressional intent, thereby violating the rule proscribing judicial legislation. [citing cases] p. 82.

Plaintiff has failed to state a claim upon which relief can be granted.