**Nelson SIMPSON, Jr.**

v.

**SPERRY RAND CORPORATION.**

**Civ. A. No. 16888.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Nov. 20, 1972.

Irving M. Greenberg, Gamm, Greenberg & Kaplan, Shreveport, La., for plaintiff.

John T. Cox, Jr., Blanchard, Walker, O'Quin & Roberts, Shreveport, La., for defendant.

Harold C. Nystrom, Associate Solicitor and Bobbye D. Spears, Atty., United States Dept. of Labor, Washington, D. C., for amicus curiae.

## OPINION

DAWKINS, Chief Judge.

This controversy arises from the dismissal of plaintiff by defendant from its employ. Plaintiff is seeking reinstatement to his former position of employment and reimbursement of wages lost as a result of his wrongful discharge.

Simpson had been working for Sperry Rand Corporation at the Louisiana Army Ammunition Plant located in Webster Parish, Louisiana. October 9, 1970, the United States Government placed a levy on complainant's wages for income taxes accrued. Plaintiff's wages had been garnished previously September 4, 1970; however, both levies were for the same indebtedness. The discharge was based on company policy concerning financial responsibility and multiple seizures of his wages.

The jurisdictional basis for this action is alleged to be the Consumer Credit Protection Act, Pub.L. 90–321, Title III, § 304, 82 Stat. 163—Restrictions on Garnishments, 15 U.S.C.A. § 1674. Motions to dismiss for failure to state a claim upon which relief can be granted, and for summary judgment, were filed by defendant. The Department of Labor filed a brief as *amicus curiae* in this cause, but did not seek to intervene.

Plaintiff was a member of Local No. 228, International Association of Machinists and Aerospace Workers, AFL-CIO, which represented the workers at Sperry Rand's ammunition plant. The Union and the company had entered into a collective bargaining agreement prior to and in effect at the time of the discharge.

The motions of the defendant have been combined for decision. Since the only dispute involved concerns a legal issue, and not any material facts, we will consider the merits of the motion for summary judgment under Rule 56.

The single question presented is whether the legislation under which Simpson is attempting to proceed permits a civil action by an individual acting alone. The pertinent provisions read:

"§ 1674. Restriction on discharge from employment by reason of garnishment.

"(a) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.

"(b) Whoever willfully violates subsection (a) of this section shall be fined not more than $1,000, or imprisoned not more than one year, or both." (15 U.S.C.A. § 1674.)

"§ 1676. Enforcement by Secretary of Labor.

"The Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor, shall enforce the provisions of this subchapter." (15 U.S.C.A. § 1676.)

■ It is axiomatic that in the absence of clear Congressional intent to the contrary, "a federal statute passed to protect a class of citizens, although not specifically authorizing members of the protected class to institute suit, nevertheless implie[s] a private right of action." Allen v. State Board of Elections, 393 U.S. 544, 557, 89 S.Ct. 817, 827, 22 L.Ed.2d 1 (1969). Without doubt, the plaintiff falls within the specified class which the statute protects.

We find only one previous judicial decision upon the question presented. There the Court, in deciding whether or not to grant a declaratory judgment in a private civil action, concluded:

"In enacting the garnishment section of the Consumers Protection Act, Congress has provided for enforcement of the law through administrative action by the Secretary of Labor . . . [citing 14 (15) U.S.C.A. § 1676]. No private civil remedy, as such, has been provided by Congress. It would thus appear that the Secretary of Labor is the proper person to seek injunctive or other relief against any violation of the new garnishment standards provided by the Consumers Protection Act. Cf. Allen v. Board of Elections, supra . . . ." Higgins v. Wilkerson, 63 Labor Cases ¶ 32,379 (U.S.D.C.Kan.1970).

Subsequently, Judge Brown, in Higgins, supra, granted to the Secretary of Labor an injunction against the defendant and also amended his order previously issued, stating:

"In consequence of the relief today being granted to the Secretary, it becomes unnecessary for the Court to consider further the claim of the plaintiff Higgins." Higgins v. Wilkerson, 65 Labor Cases ¶ 52,523.

■ We conclude that a fair interpretation of the Kansas District Court's action in this situation is that the Court was doing no more than granting the proper person, the Secretary, who intervened after the first opinion, what it had already stated to be appropriate relief under the Act (injunctive). Therefore, we must reject plaintiff's and amicus curiae's contention that this decision no longer can be considered authority for the proposition that the Secretary is the proper party plaintiff, within the meaning of the Act, to enforce its provisions.

■ The only express sanctions provided by the Act are criminal; and, in the absence of contrary implications, it should be construed as creating a civil right in members of the class which it was enacted to protect. Reitmeister v. Reitmeister, 162 F.2d 691 (2d Cir.1947). However, "[t]he 'intention of Congress' must be deduced from the legislative product—from the language that was constitutionally enacted into law." Fagot v. Flintkote, 305 F.Supp. 407 (E.D. La., 1969).

We believe that there are contrary implications, and also conclude that there is clear congressional intent evidencing that there was no desire to create a private remedy under the garnishment section of the Act.

First, the legislation itself specifies only one party who shall enforce the provisions of the Act. Second, Title III of the Consumer Protection Act is an independent, self-supporting piece of legislation replete with definitions, substantive provisions, and enforcement procedures. Third, the Act, under the Truth in Lending section, provides expressly for civil action by an aggrieved person to enforce his rights under that section, but in no wise mentions any such action under the garnishment section. We do not feel that this is "mere silence" but a cognizable and purposeful omission.

The legislative history of the Act provides insight to this conclusion. In

**1060**

House Report No. 1040, there is explanation for the need of a private civil action under the Truth in Lending section to supplement the criminal penalties which are to be accomplished under the administrative enforcement section. However, on the very next page, explanation of the Garnishment section of the Act is begun and there is no mention whatever of the need for private civil action to supplement enforcement by the Secretary. It would have taken only one additional sentence to grant a right to assert a civil action to the employee, but such was not done. Thus the logical presumption is that none was intended. U. S. Code Congressional and Administrative News, 90th Congress, 2d Session, vol. 2, 1968, at pp. 1976–1979. Fourth, the reason for this omission becomes apparent when one considers the voluminous and comprehensive legislation and judicial decisions in the labor law area regulating relationships among employees, unions, and management.

This reasoning being buttressed by the only decision in point (*Higgins*) compels this Court to conclude that the title under the Consumer Credit Protection Act concerning restrictions on garnishments does not imply a private civil remedy for the wrong committed because there are contrary implications which convince this Court that enforcement of the punitive provisions are left entirely to the Secretary.

As defendant points out, plaintiff had other adequate remedies to obtain reinstatement and back wages. He was dilatory and lost all of these except a possible civil action under State law. It is true that if plaintiff has several remedies he may elect under which he will proceed; however, he may not elect or create one not provided by law. Plaintiff's dilatoriness alone restricted his selection of which remedy would be most beneficial to him, and he may not now attempt to proceed in a manner for which the statute makes no provision.

Accordingly, defendant's motion for summary judgment is granted.