**Roosevelt NUNN, Plaintiff,**

v.

**The CITY OF PADUCAH, KEN-TUCKY, et al., Defendants.**

**Civ. A. No. 2149.**

United States District Court,
W. D. Kentucky.

Oct. 5, 1973.

J. William Graves, Paducah, Ky., for plaintiff.

J. William Howerton, Corp. Counsel, Paducah, Ky., for defendants.

Frank Steiner, Dept. of Labor, Nashville, Tenn., amicus curiae.

## MEMORANDUM OPINION AND ORDER

ALLEN, District Judge.

This action comes before the Court on the motion of the plaintiff, Roosevelt Nunn, to amend the judgment entered on August 22, 1973, by providing for attorney's fees of $7,500 to be awarded to plaintiff's attorney, and further providing for the sum of $14,130 which plaintiff maintains is the amount of back wages owing to him during the period he was discharged from the employment of the defendant, City of Paducah, Kentucky.

The judgment of August 22, 1973 was entered by this Court pursuant to the mandate of the United States Court of Appeals for the Sixth Circuit, entered on September 6, 1972. As stated in both the mandate of the Court of Appeals and in this Court's findings of fact and conclusions of law, the action was instituted by the plaintiff seeking reinstatement and other equitable relief against the defendants, alleging plaintiff's wrongful discharge in violation of 15 U.S.C. § 1671 et seq.

At the evidentiary hearing which was held on April 24, 1973, no evidence was produced as to the amount of back wages the plaintiff would have allegedly been entitled to by reason of his discharge nor was any claim made for attorney's fees. The Court believes that both it and the Court of Appeals were of the opinion that the only basic relief demanded by the plaintiff was his reinstatement to the position which he formerly held with the City of Paducah.

An examination of the complaint and the prayer therein confirms the opinion of this Court that only equitable relief was sought, although there is a gratuitous insertion in the complaint itself that the amount sought by the plaintiff is in excess of $10,000, and every allegation in the prayer is either for an injunction or other proper equitable relief.

Had plaintiff sought the additional relief at trial which he now seeks after judgment, after trial, and after findings of fact and conclusions of law, there would have been posed to the Court a very serious question as to whether such relief would have been available. See Oldham v. Oldham, 337 F.Supp. 1039 (D.C.N.D.Iowa 1972) and Simpson v. Sperry Rand Corporation, 350 F.Supp. 1057 (D.C.W.D.La.1972).

It should be added that the Court is unable to find any provision in the Consumer Credit Protection Act, Title III, which deals with garnishments authorizing either the award of attorney's fees or damages. It is true that under other statutes, where reinstatement has been ordered, usually back wages follow as a matter of course, subject to credits for wages and other benefits received in other capacities during the period the employee was wrongfully discharged. See Schulz v. Hickok Manufacturing Company, Inc., 358 F.Supp. 1208 (D.C. N.D.Ga. decided May 4, 1973) and Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L. Ed.2d 702 (decided May 21, 1973).

In light of the above, the Court is of the opinion that plaintiff's motion to amend the judgment should be and it is hereby denied.

It is so ordered.