**Milton O. CHEATHAM, Appellant,**

v.

**VIRGINIA ALCOHOLIC BEVERAGE CONTROL BOARD, Appellee.**

No. 74-1243.

United States Court of Appeals, Fourth Circuit.

Argued June 3, 1974.

Decided Aug. 1, 1974.

Edwin M. Young, Richmond, Va., for appellant.

Henry M. Massie, Jr., Asst. Atty. Gen. of Virginia (Andrew P. Miller, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

Milton O. Cheatham brought suit versus the Virginia Alcoholic Beverage Control Board in the United States District Court for the Eastern District of Virginia alleging that his discharge from employment for failure to make reasonable provision for payment of his just debts was in violation of Section 304(a) of the Consumer Credit Protection Act, 15 U.S.C. § 1674(a).[1] The district court dismissed the action on the ground that the Board, an agency of the state, was immune from suit under the Eleventh Amendment in the absence of a showing that it had consented to suit. Cheatham has appealed.

While appellant raises interesting questions as to whether the state has waived either explicitly[2] or constructively[3] its Eleventh Amendment immunity and whether a private cause of action should be implied under the Consumer Credit Protection Act,[4] we find decision of these questions unnecessary to the disposition of the case.

Even if we assume that the Act created a cause of action for private parties and the Board was amenable to suit in federal court under the Eleventh Amendment the complaint is defective on its face. Section 304(a) of the Act protects an employee from discharge where his earnings have been garnished "for any one indebtedness." It does not protect him where there have been, as here, multiple garnishments based on more than a single indebtedness. Nor does the Act purport to wipe the slate clean by defining "garnishments" to mean "garnishments after July 1, 1970."[5] Brennan v. General Telephone Co. of Florida, 488 F.2d 157 (5th Cir. 1973). Since the complaint does not state a claim upon which relief could be granted, the district court's dismissal was proper.

Affirmed.

---

1. Section 304(a) provides:
   No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.

2. *See* Va.Code §§ 4–12, 2.1–223.1 and 8–752. *See also* Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662, 681 n.19 (1974).

3. *Compare* Parden v. Terminal R. Co., 377 U. S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964) *with* Employees of the Dep't. of Public Health & Welfare v. Dep't. of Public Health & Welfare, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). *See also* Dawkins v. Craig, 483 F.2d 1191 (4th Cir. 1973).

4. *See* Simpson v. Sperry Rand Corp., 350 F. Supp. 1057, 1059 (W.D.La.1972), *vacated* 488 F.2d 450 (5th Cir. 1973). We specifically left the question open. Western v. Hodgson, 494 F.2d 379 (4th Cir. 1974). *See generally* Note, The Implication of a Private Cause of Action Under Title III of the Consumer Credit Protection Act, 47 So.Cal.L. Rev. 383 (1974).

5. Such an interpretation, here applied, would mean that Cheatham could not be discharged since the two garnishments after July 1, 1970, against his earnings were apparently for the same $150 debt. The Wage-Hour Administrator has adopted this interpretation. Opinion Letter No. 1136 (No. WH-89), Oct. 26, 1970, CCH Lab.L.Rep. ¶ 30,703, but we agree with the Fifth Circuit's decision in the *General Telephone Co.* case, *supra.*