Duane J. DULL, Plaintiff-Appellant,

v.

ADVANCE MEPCO CENTRAL LAB, INC.,
Defendant-Respondent.

Court of Appeals

*No. 88-2166. Submitted on briefs June 6, 1989.—Decided June 27, 1989.*

(Also reported in 444 N.W.2d 463.)

For the plaintiff-appellant the cause was submitted on the briefs of *David L. Abt,* and *Abt & Lunde Law Office,* of Westby.

For the defendant-respondent the cause was submitted on the brief of *John W. Powers* and *Sarah E. Hall,* and *Seyfarth, Shaw, Fairweather & Geraldson,* of Chicago, Illinois.

Before Dykman, Eich and Sundby, JJ.

EICH, J. Duane J. Dull appeals from a judgment and an order dismissing his wrongful discharge action against Advance Mepco Central Lab, Inc. (Mepco). There are two issues: (1) whether the trial court erred in determining that Dull's discharge did not violate sec. 812.235, Stats., which, in certain circumstances, prohibits an employer from discharging an employee because the employee's wages are subject to garnishment; and (2) whether the trial court erred in determining that Dull's complaint did not state a claim for wrongful discharge. We resolve both issues against Dull and affirm.

The facts are not in dispute. Mepco discharged Dull after the eighth garnishment of his wages. Five of the garnishments arose out of two different nonconsumer transactions. The other three garnishments arose out of separate consumer transactions.[1]

Section 812.235, Stats., provides in part that: "No employer may discharge any employee by reason of the fact that his [or her] earnings have been subjected to garnishment for *any one indebtedness* . . .." (Emphasis added.) The trial court ruled that Dull's discharge did not violate sec. 812.235 because the statute does not prohibit discharge for garnishments arising out of more than a single indebtedness. The court also ruled that the discharge did not violate any public policy manifested in sec. 812.235.

---

[1] Section 425.110, Stats., prohibits an employer from discharging an employee for garnishments arising out of consumer credit transactions. The statute is inapplicable here because Dull was discharged for garnishments based on nonconsumer credit transactions.

The interpretation of a statute and its application to undisputed facts are questions of law which we review without deference to the trial court's decision. *Mogilka v. Jeka,* 131 Wis. 2d 459, 471, 389 N.W.2d 359, 364 (Ct. App. 1986).

Dull contends that the language "any one indebtedness" in sec. 812.235, Stats., should be interpreted as prohibiting discharge even where the employee is subject to multiple garnishments arising out of more than a single indebtedness. He proposes that the statute be read as follows: "No employer may discharge an employee by reason of . . . garnishment for any one (*of many*) indebtedness." (Emphasis added.) We reject this interpretation.

Our reading of sec. 812.235, Stats., must be in accordance with the statute's plain meaning. *State v. Trongeau,* 135 Wis. 2d 188, 191, 400 N.W.2d 12, 13 (Ct. App. 1986). The common usage of words may be established by definitions contained in a recognized dictionary. *St. ex rel. Smith v. Oak Creek,* 139 Wis. 2d 788, 795, 407 N.W.2d 901, 904 (1987). "One" is defined as "being a *single* unit . . .." (Emphasis added.) *Webster's Third New International Dictionary* 1575 (1976). We conclude that the phrase "any one indebtedness," as used in sec. 812.235, may only be read as prohibiting discharge for garnishments based on a single indebtedness and that the statute does not prevent an employer from firing an employee whose wages have been subjected to multiple garnishments arising out of more than one indebtedness.

Our conclusion is supported by the legislative history of the statute. The legislative council notes in the body of the original bill state that the statute was created

"to comply with federal legislation, forbidding the discharge of an employee because his earnings have been garnished for any one indebtedness." *See* 15 U.S.C. sec. 1674. Cases interpreting the federal legislation have concluded that the statute does not protect employees from discharge where there have been multiple garnishments of their earnings based on more than a single indebtedness. *See, e.g., Stewart v. Travelers Corporation,* 503 F.2d 108, 113 (9th Cir. 1974); *Cheatham v. Virginia Alcoholic Beverage Control Board,* 501 F.2d 1346, 1347 (4th Cir. 1974).

Dull, relying on *Wandry v. Bull's Eye Credit,* 129 Wis. 2d 37, 384 N.W.2d 325 (1986), next argues that the trial court erred in rejecting his argument that his discharge was wrongful because it violated the public policy manifested in sec. 812.235, Stats. Whether a complaint states a claim is a question of law and we are not bound by the trial court's conclusion. *Garvey v. Buhler,* 146 Wis. 2d 281, 290, 430 N.W.2d 616, 620 (Ct. App. 1988).

In *Brockmeyer v. Dun & Bradstreet,* 113 Wis. 2d 561, 573, 335 N.W.2d 834, 840 (1983), the supreme court recognized a limited cause of action for wrongful discharge where the termination is contrary to "a fundamental and well-defined public policy as evidenced by existing law." In particular, the court held that an employee could not be discharged for refusing to violate a statute or the constitution. *Id.*

In *Wandry,* the court extended the *Brockmeyer* rule, but only to the extent that the definition of "public policy" now includes the "spirit, as well as the clear language of a statutory provision." *Bushko v. Miller Brewing Co.,* 134 Wis. 2d 136, 143, 396 N.W.2d 167, 170 (1986). The *Bushko* court further clarified *Brockmeyer* when it stated that:

*Brockmeyer* expressly limits the public policy exception to only those situations in which an employee is discharged for refusing to act in violation of an established and well-defined public policy evidenced by existing law. *Bushko,* 134 Wis. 2d at 145, 396 N.W.2d at 171.

The trial court correctly concluded that Dull's complaint failed to state a claim for wrongful discharge. Dull does not allege that he was terminated for refusing to violate an established public policy. Absent such a showing, Dull does not have a cause of action for wrongful discharge. Moreover, we do not believe that sec. 812.235, Stats., establishes a public policy prohibiting discharge for garnishments per se. Rather, the statute only prohibits discharge for garnishments arising out of a single indebtedness.

*By the Court.*—Judgment and order affirmed.