**FIDELITY MORTGAGE CORPORATION, an Arizona corporation, Plaintiff,**

v.

**SEATTLE TIMES COMPANY, a Delaware corporation, Arboretum Mortgage Corporation, a Washington corporation, and Alpine Mortgage Services, Inc., a Washington corporation, Defendants.**

No. 02–2516C.

United States District Court,
W.D. Washington,
at Seattle.

Jan. 22, 2004.

Gregory P. Cavagnaro, Cavagnaro & Foster, Seattle, WA, for plaintiff.

Bruce E.H. Johnson, Andrew M. Mar and Jill Ballo, Davis Wright Tremaine LLP, Seattle, WA, for defendant Seattle Times Company.

Thomas S. Hayward, Seattle, WA, for defendant Arboretum Mortgage Corporation.

Michael C. Malnati, Reed, Longyear, Malnati & Ahrens, P.S., Seattle, WA, for defendant Alpine Mortgage Services, Inc.

## ORDER

COUGHENOUR, Chief Judge.

### I. Introduction

This matter comes before the Court on defendant Seattle Times Company's motion for summary judgment (Dkt. No. 39), defendant Alpine Mortgage Services, Inc.'s motion for summary judgment (Dkt. No. 50), and defendant Arboretum Mortgage Corporation's motion for summary judgment (Dkt. No. 58). The Court has considered the papers submitted by the parties and determined that oral argument is not necessary. The Court hereby finds and rules as follows.

### II. Background

This case comes before the Court upon removal by defendants from the King

County Superior Court of the State of Washington. Plaintiff Fidelity Mortgage Corporation ("Fidelity") conducts business in the state of Washington as a mortgage lender and brings this suit against defendants Seattle Times Company ("Seattle Times"), Arboretum Mortgage Corporation ("Arboretum"), and Alpine Mortgage Services, Inc. ("Alpine"). Seattle Times owns and operates eight newspapers in Washington state and Maine, including the *Seattle Times*. Four times a year, Seattle Times publishes a news article compiling the home mortgage interest rates offered by various Seattle-area lenders and brokers. These articles contain information compiled from a survey conducted by Herbert Research (not a party to this suit). In its Sunday edition, Seattle Times also publishes a "Mortgage Rate Directory" which is an advertisement paid for by Seattle-area lenders and brokers, and which lists home mortgage interest rate information and contact information. Arboretum operates a mortgage broker business in Seattle and participates in the quarterly surveys of residential mortgage rate information published in the *Seattle Times*. It does not, however, participate in the Mortgage Rate Directory. Alpine is also a mortgage broker in Seattle and participates in the Seattle Times' quarterly surveys. Alpine also does not participate in the Mortgage Rate Directory.

Plaintiff Fidelity's Second Amended Complaint ("Complaint") alleges defendants are in violation of the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Washington Mortgage Broker Practices Act, Wash. Rev.Code § 19–146–010 et seq., and the Washington Consumer Protection Act, Wash. Rev.Code § 19–86–010 et seq. (Dkt. No. 27). All of plaintiff's claims rest on the allegation that defendants "knowingly publish[ ] false, deceptive, and/or misleading Interest Rates" in the *Seattle Times* print and online publications. (Compl. at ¶¶ 5.1–5.3.) Plaintiff seeks monetary damages and an injunction prohibiting defendants from "publishing and/or advertising false and/or misleading Interest Rates." (Compl. at ¶¶ 6.1–6.4.)

Defendants independently move the Court for a grant of summary judgment on all of plaintiff's claims. Since their motions contain several common issues, the Court will address all three motions in this Order. Specifically, defendants argue plaintiff's Truth in Lending Act claim fails on procedural and substantive grounds, and plaintiff lacks standing to sue under both the Washington Mortgage Broker Practices Act and the Washington Consumer Protection Act. Additionally, defendant Seattle Times argues the Washington Mortgage Broker Practices Act does not apply to Seattle Times because it is not a mortgage broker, and the media are not liable to third parties for publication of erroneous information.

## III. ANALYSIS

Summary judgment is appropriate if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Initially, it is the moving party's burden to establish that there is no genuine issue of material fact. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir.1978). In determining whether a genuine issue of material fact exists, the court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the movant has met its initial burden, the burden then shifts to the non-moving party to show the court that there is in fact a genuine issue for trial. *Id.* at 250, 106 S.Ct. 2505.

### A. Truth in Lending Act Claim

■ Defendants argue that plaintiff's Truth in Lending Act ("TILA") claim fails on procedural and substantive grounds because a private right of action may not be maintained under the false credit advertising elements of the TILA. Singularly, defendant Seattle Times also argues it is not a "creditor" or "lessor" required to comply with the TILA, and as a media organization Seattle Times is statutorily exempt from liability.

The purpose of the TILA is to provide for the informed use of credit by requiring all sellers and lenders to make clear and conspicuous disclosure of all costs in a credit transaction and in any advertisement that includes credit terms. *See* 15 U.S.C. § 1601. The TILA addresses credit transactions and credit advertising separately.[1] Regulation Z, which implements the TILA, sets forth requirements applicable to certain residential mortgage and variable rate transactions. 12 C.F.R. § 226.19. Regulation Z explicitly forbids the use of false, misleading or deceptive advertising in connection with the extension or arrangement of credit. 12 C.F.R. § 226.24. Since plaintiff seeks damages caused by credit advertising (as opposed to credit transactions) plaintiff's claim falls under the purview of part C of the Act. *See* Compl. ¶ 5.1; Greene Dep. 38:25–39:7.

Defendants assert that there is no private right of action under the TILA for false credit advertising. Indeed, 15 U.S.C. § 1640(a) states "[e]xcept as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under [part B] or part D or E of this subchapter with respect to any person is liable to such person." This provision explicitly does not reference part C, relating to credit advertising. The Eighth Circuit

has addressed the similar question of whether a party who relied on advertisements not complying with the credit advertising provisions of the TILA is entitled to maintain an action for civil liability under 15 U.S.C. § 1640. *Jordan v. Montgomery Ward & Co.*, 442 F.2d 78, 80 (8th Cir.1971), *cert. denied, Jordan v. Montgomery Ward & Co.*, 404 U.S. 870, 92 S.Ct. 78, 30 L.Ed.2d 114 (1971). In analyzing the issue, the court quoted from the legislative history:

> The bill specifically exempts credit advertising from the application of civil penalties. This exemption has been written into the bill by your committee to avoid the possibility that anyone, not a party to an actual transaction, seeing an advertisement not complying with the disclosure requirements of the bill would attempt to seek civil penalties.

*Id.* at 81 (quoting H.R.Rep. No. 1040, 90th Cong., 2d Sess. (1968) quoting 1968 U.S.C.C.A.N., at 1976). The court then concluded "[§ 1640] does not confer original subject matter jurisdiction in the federal court over a claim of violation of the credit advertising provisions of the Act by private individuals." *Id.*

■ In support of its claim that the TILA does provide a private right of action, plaintiff cites only to *Brazier v. Security Pacific Mortgage, Inc.*, 245 F.Supp.2d 1136 (W.D.Wash.2003). Yet the TILA provision at issue in *Brazier*, 15 U.S.C. § 1638(b)(2), pertains to credit *transactions* under part B, and so clearly falls under the civil liability provisions of 15 U.S.C. § 1640(a). Its precedent does not apply to claims brought under the TILA's credit *advertising* provisions. The Court is therefore persuaded that if a party who made a purchase resulting in a credit transaction in reliance on false advertising

---

1. Credit transactions are addressed in part B (15 U.S.C. §§ 1631–1649), while credit advertising is addressed in part C (15 U.S.C. §§ 1661–1665b).

may not maintain an action for civil liability, then certainly a party who did not engage in *any* credit transaction, and who did not *rely on* false or misleading advertising, does not have standing to maintain such an action. The Court finds that since plaintiff did not engage in any credit transactions in reliance on the allegedly misleading advertisements, plaintiff does not have standing to sue.[2] As a matter of law summary judgment is appropriate on plaintiff's TILA claim.

### B. Washington Mortgage Broker Practices Act and Consumer Protection Act Claims

 The Court has no independent basis for subject matter jurisdiction over plaintiff's state law claims brought under the Washington Mortgage Broker Practices Act ("WMBPA") and the Washington Consumer Protection Act ("WCPA"). From the very inception of this case, the Court exercised supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a) because they allegedly arose from the same common nucleus of operative facts as plaintiff's TILA claim. Yet, a federal district court may decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As the Ninth Circuit opined, "in the usual case in which federal-law claims are eliminated before trial, the balance of [the factors of economy, convenience, fairness, and comity] will point toward declining to exercise jurisdiction over the remaining state-law claims." *O'Connor v. Nevada*, 27 F.3d 357, 362–63 (9th Cir.1994) (brackets in original). Having found that Fidelity lacks standing to sue any and all of the defendants under the TILA, the Court declines,

pursuant to 28 U.S.C. § 1367(c)(3), to exercise its supplemental jurisdiction over plaintiff's remaining state law claims. Accordingly, the Court remands this matter to state court to address plaintiff's WMBPA and WCPA claims.

### IV. Conclusion

The Court GRANTS summary judgment in favor of defendants Seattle Times Company, Alpino Mortgage Services, Inc., and Arboretum Mortgage Corporation on Fidelity Mortgage Corporation's Federal Truth in Lending Act claim. Because the Court lacks independent subject matter jurisdiction over Fidelity Mortgage Corporation's remaining state law claims, those claims are hereby REMANDED to the King County Superior Court of the State of Washington.

---

**2.** Having found that plaintiff lacks standing under the TILA, it is not necessary for the Court to reach the question whether Seattle Times is a "creditor" or "lessor" required to

comply with the TILA, and whether, as a media organization, Seattle Times is statutorily exempt from liability.