**Walter Gene WILLIAMS**

v.

**UNITED STATES COURT, John D. Larkins, Judge, Eastern District of N. C., City of Trenton.**

**Civ. No. 917.**

United States District Court
E. D. North Carolina,
Wilson Division.

Feb. 24, 1965.

See also, 246 F.Supp. 970.

Walter Gene Williams, pro se.

Robert H. Cowen, U. S. Atty., Raleigh, N. C., for respondent.

LARKINS, District Judge.

This cause comes before the Court upon a Motion to Vacate and Set Aside Judgment by a federal prisoner in forma pauperis, pursuant to the provisions of Title 28 U.S.C.A. § 2255. The motion is styled a "WRIT OF HABEAS CORPUS".

Petitioner alleges that he was sentenced under an indictment charging him with Interstate Transportation of Forged Securities in violation of Title 18 U.S.

C.A. § 2314. In respect to this charge in the indictment petitioner states in his petition, "That he, the Defendant, Mr. Walter Gene Williams, bases his case on the decision of Ruling of 'Fifth Circuit Court of Appeals, New Orleans', Louisiana, which states, 'that oil company credit cards are not a security within purview of Title 18, U.S.Code, Section 2314'."

It is to be noted that the decision to which petitioner makes reference is one of the Fifth Circuit Court of Appeals, its decisions not being binding on this Circuit Court, or the District Court within this Fourth Circuit. It is to be further noted that this Court passed sentence upon petitioner only after he had voluntarily entered a plea of guilty to the offense charged.

Petitioner has failed to allege any further facts which would pertain to the finding of an issue upon which this Court could base its jurisdiction. The statute provides in pertinent parts that a petitioner must allege facts showing his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law * * *." (Title 28 U.S.C.A. § 2255).

The purpose of § 2255 was to provide an expeditious remedy for collateral attack of a sentence, and to take the place of habeas corpus, but it was not intended to confer any broader rights than one would have with the great writ of habeas corpus. See Holt v. United States, 303 F.2d 791 (8th Cir., 1962). Therefore, the scope of an attack on a sentence must be limited to the scope available by virtue of any collateral attack, it is not a substitute for appeal. See Haier v. United States, 334 F.2d 441 (10th Cir., 1964); and United States v. Kelly, 269 F.2d 448 (10th Cir., 1959).

This petition, not alleging facts setting forth grounds upon which this Court can base its jurisdiction, none of petitioner's contentions being those permissible to be raised in a collateral at-

tack, the petition does not require response by the United States or a hearing by this Court in relation to those matters which petitioner does set out. DuBoise v. State of North Carolina, 338 F.2d 697 (4th Cir., 1964); and Holt v. United States, 303 F.2d 791, supra.

### ORDER

Therefore, it is ordered that the petition be, and the same is hereby allowed to be filed in forma pauperis.

It is further ordered that the petition be, and the same is hereby denied.

See also, 246 F.Supp. 970.