John F. TINKER and Mary Beth Tinker, minors, by their father and next friend, Leonard Tinker and Christopher Eckhardt, minor, by his father and next friend, William Eckhardt, Plaintiffs,

v.

The DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT et al., Defendants.

Civ. No. 7–1810–C–1.

United States District Court
S. D. Iowa,
Central Division.

Sept. 1, 1966.

Dan Johnston, Des Moines, Ia., for plaintiffs.

Allan A. Herrick and Philip C. Lovrien, Des Moines, Ia., for defendants.

## MEMORANDUM OPINION

STEPHENSON, Chief Judge.

The plaintiffs instituted this action against the Des Moines Independent

Community School District, its Board of Directors and certain administrative officials and teachers thereof in an attempt to recover nominal damages and obtain an injunction pursuant to the provisions of 42 U.S.C. § 1983. Jurisdiction exists under 28 U.S.C. § 1343.

The events giving rise to this controversy took place in December 1965. During the second week of that month, it came to the attention of certain school officials that several students intended to wear black arm bands for the purpose of expressing their beliefs relating to the war in Viet Nam. A regulation was then promulgated by officials of the defendant school district prohibiting the wearing of arm bands on school facilities. After the regulation had been established, the plaintiffs, John Tinker, Mary Beth Tinker and Christopher Eckhardt, wore black arm bands to their respective schools.[1] Each of the plaintiffs testified that their purpose in wearing the arm bands was to mourn those who had died in the Viet Nam war and to support Senator Robert F. Kennedy's proposal that the truce proposed for Christmas Day, 1965, be extended indefinitely. The plaintiffs herein were all aware of the regulation prohibiting the wearing of arm bands when they wore them to school. After being in their schools for varying lengths of time, each plaintiff was sent home by school officials for violating the regulation prohibiting the wearing of arm bands on school premises. Each plaintiff returned to school following the Christmas holidays. They did not wear arm bands at that time.

■ The question which now must be determined is whether the action of officials of the defendant school district forbidding the wearing of arm bands on school facilities deprived the plaintiffs of constitutional rights secured by the freedom of speech clause of the first amendment. An individual's right of free speech is protected against state infringement by the due process clause of the fourteenth amendment. Gitlow v. People of State of New York, 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1138 (1925). The wearing of an arm band for the purpose of expressing certain views is a symbolic act and falls within the protection of the first amendment's free speech clause. West Virginia State Bd. of Educ. v. Burnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943); Stromberg v People of State of California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931). However, the protections of that clause are not absolute. See, e. g., Dennis v. United States, 341 U.S. 494, 503, 71 S.Ct. 857, 95 L.Ed. 1137 (1951); Near v. State of Minnesota, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931); Pocket Books, Inc. v. Walsh, 204 F.Supp. 297 (D.Conn.1962). The abridgement of speech by a state regulation must always be considered in terms of the object the regulation is attempting to accomplish and the abridgement of speech that actually occurs. "In each case [courts] must ask whether the gravity of the 'evil', discounted by its improbability, justifies such invasion of free speech as is necessary to avoid the danger." United States v. Dennis, 183 F.2d 201, 212 (2d Cir. 1950).

■ Officials of the defendant school district have the responsibility for maintaining a scholarly, disciplined atmosphere within the classroom. These officials not only have a right, they have an obligation to prevent anything which might be disruptive of such an atmosphere. Unless the actions of school officials in this connection are unreasonable, the Courts should not interfere.

The Viet Nam war and the involvement of the United States therein has been the subject of a major controversy for some time. When the arm band regulation involved herein was promul-

---

1. Plaintiff John F. Tinker, age 15, attended North High; plaintiff Mary Beth Tinker, age 13, attended Warren Harding Junior High; plaintiff Christopher Eckhardt, age 15, attended Roosevelt High; Paul and Hope Tinker, age 8 and 11 respectively, younger brother and sister of plaintiffs John and Mary Beth Tinker also wore arm bands to their respective schools.

gated, debate over the Viet Nam war had become vehement in many localities. A protest march against the war had been recently held in Washington, D. C. A wave of draft card burning incidents protesting the war had swept the country. At that time two highly publicized draft card burning cases were pending in this Court. Both individuals supporting the war and those opposing it were quite vocal in expressing their views. This was demonstrated during the school board's hearing on the arm band regulation. At this hearing, the school board voted in support of the rule prohibiting the wearing of arm bands on school premises. It is against this background that the Court must review the reasonableness of the regulation.

A subject should never be excluded from the classroom merely because it is controversial. It is not unreasonable, however, to regulate the introduction and discussion of such subjects in the classroom. The avowed purpose of the plaintiffs in this instance was to express their views on a controversial subject by wearing black arm bands in the schools. While the arm bands themselves may not be disruptive, the reactions and comments from other students as a result of the arm bands would be likely to disturb the disciplined atmosphere required for any classroom. It was not unreasonable in this instance for school officials to anticipate that the wearing of arm bands would create some type of classroom disturbance. The school officials involved had a reasonable basis for adopting the arm band regulation.

On the other hand, the plaintiffs' freedom of speech is infringed upon only to a limited extent. They are still free to wear arm bands off school premises. In addition, the plaintiffs are free to express their views on the Viet Nam war during any orderly discussion of that subject. It is vitally important that the interest of students such as the plaintiffs in current affairs be encouraged whenever possible. In this instance, however, it is the disciplined atmosphere of the classroom, not the plaintiffs' right to wear arm bands on school premises, which is entitled to the protection of the law.

Plaintiffs cite two recent opinions from the Court of Appeals for the Fifth Circuit in support of their position. Burnside v. Byars, 5th Cir., 363 F.2d 744, July 21, 1966; Blackwell v. Essaquena County Board of Education, 5th Cir., 363 F.2d 749, July 21, 1966. These cases involved the wearing of "freedom buttons" in Mississippi schools. In holding in one of the cases that the school regulation prohibiting the wearing of such buttons was not reasonable, the Court stated that school officials "cannot infringe on their students' right to free and unrestricted expression as guaranteed to them under the First Amendment to the Constitution, where the exercise of such rights in the school buildings and schoolrooms do not materially and substantially interfere with the requirements of appropriate discipline in the operation of the school." Burnside v. Byars, supra, 363 F.2d at 749. While the decisions of the Court of Appeals for the Fifth Circuit are entitled to respect and should not be brushed aside lightly, they are not binding upon this Court. John Deere Co. v. Graham, 333 F.2d 529 (8th Cir. 1964). After due consideration, it is the view of the Court that actions of school officials in this realm should not be limited to those instances where there is a material or substantial interference with school discipline. School officials must be given a wide discretion and if, under the circumstances, a disturbance in school discipline is reasonably to be anticipated, actions which are reasonably calculated to prevent such a disruption must be upheld by the Court. In the case now before the Court, the regulation of the defendant school district was, under the circumstances, reasonable and did not deprive the plaintiffs of their constitutional right to freedom of speech.

The plaintiffs' request for an injunction and nominal damages are denied. Judgment will be entered accordingly.