**Judith JOHNSON, Plaintiff,**

v.

**ASSOCIATES FINANCE, INC., a corporation, and James Ward, doing business as Ward's Auction House, Defendants.**

**No. RI–CIV–73–22.**

United States District Court,
S. D. Illinois, N. D.

Nov. 15, 1973.

Tom M. Lytton, East Moline, Ill., for plaintiff.

John Donald O'Shea, Moline, Ill., for Associates.

Theodore A. Jackson, East Moline, Ill., for Ward.

### DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This matter is before the court on a motion to dismiss Counts 2, 3, 4, 5, 6 and 7 of the Complaint for lack of subject matter jurisdiction. The sole issue to be decided herein is whether defend-

ants' self-help repossession and sale of plaintiff's furniture, household goods and automobile, pursuant to the terms of an agreement making said items security for repayment of a loan and as authorized by the Illinois Commercial Code, were actions "under color of state law" within the meaning of 28 U.S.C. § 1343(3). That section is the jurisdictional counterpart of 42 U.S.C. § 1983, upon which the plaintiff relies in Counts 3 and 4 to give her a claim for relief on the theory that the repossession complained of amounts to a denial "under color of state law" of her constitutional right to due process of law because it was accomplished without notice or a pre-seizure hearing.

The statute challenged by the plaintiff provides:

"Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action." Ill. Rev.Stat., ch. 26, § 9–503.

Section 9–504, which the plaintiff also attacks, authorizes and establishes a procedure for the sale of goods repossessed by a secured party. It is the plaintiff's contention that because the repossession was accomplished under the auspices of state statutory law that there is, therefore, sufficient state action to give this court jurisdiction over the cause asserted.

██ There are District Court decisions supporting each party's position and the jurisdictional issue is an admittedly close one. Only one Court of Appeals' decision on the question herein presented appears presently to exist. It was decided only very recently by the Ninth Circuit in Adams v. Southern California First National Bank (C.A.9 1973). See Judicial Highlights, p. 1, 301 N.E.2d, Advance Sheet No. 6, dated November 7, 1973. In that case the Court held that California, which has adopted the Uniform Commercial Code, could not be held responsible for creating the conditions which resulted in standardized contracts which are typically used in the credit industry and provide for self-help repossession without notice or a hearing prior to seizure. Though this court is not bound by that decision, it is the carefully considered opinion of this court that the decision rendered in *Adams* is the correct one. Consequently, the motion to dismiss Counts 3 and 4, as well as Counts 2, 5, 6 and 7, which are ancillary actions arising under state law, will be granted.

The preeminent case in this area of constitutional law is Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), wherein the Supreme Court held that Pennsylvania and Florida laws which authorized the summary seizure of personal property by a writ of replevin and without notice or a pre-seizure hearing were violative of the Fourteenth Amendment. In *Fuentes*, however, unlike the instant case, state officials played an active role in the summary-taking. Herein, the repossession was accomplished wholly by the actions of private persons. Thus, it is evident that a decision in the plaintiff's favor would require an expansion of the law as stated by *Fuentes*.

Plaintiff urges such an expansion on the ground that secured parties are persuaded or induced to assert their allegedly unconstitutional rights to self-help repossession by the fact that such repossession is permitted by statute. Reitman v. Mulkey, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967), is cited for the proposition that under such circumstances state action exists. *Reitman* is, however, different than the present case on at least two important points. First, *Reitman* involved racial discrimination, an evil against which the Fourteenth Amendment was specifically directed. And, secondly, in the civil rights arena there is a long history of state efforts to do indirectly what cannot be done directly, a motive which the Supreme Court perceived to be behind the law in issue in that case.

In contrast, states have authorized self-help repossession in deference to

historical continuity and because the practice is adjudged to be economically beneficial for the bulk of creditors and debtors alike. The persons who thoughtfully and meticulously drafted the Uniform Commercial Code were not attempting to circumvent constitutional guarantees. Rather, they intended to permit private persons to decide whether or not to continue the practice of self-help repossession and thereby leave to them the ability to regulate, in some small degree, the cost of borrowing money. Thus, state power, in a sense, was withdrawn and private decision-making substituted therefor by § 9–503 and § 9–504. Under these circumstances, this court can perceive no state action in this case.

Defendant Ward's motion to dimiss Count I, as to himself, is unnecessary, as that count and cause of action is directed solely at Associates Finance, Inc.

Accordingly, it is ordered that the Motion for Dismissal of Counts 2, 3, 4, 5, 6 and 7 is allowed and said counts are dismissed as to both defendants.