**Nelson SIMPSON, Jr., Plaintiff-Appellant,**

v.

**SPERRY RAND CORPORATION, Defendant-Appellee.**

No. 73–1716.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1973.

Glen H. Smith, Shreveport, La., for plaintiff-appellant.

John T. Cox, Jr., Shreveport, La., for defendant-appellee.

Harold C. Nystrom, Associate Sol., Bobbye D. Spears, Atty., U. S. Dept. of Labor, Washington, D. C., amicus curiae.

Before THORNBERRY, GODBOLD and CLARK, Circuit Judges.

**PER CURIAM:**

Nelson Simpson, Jr., an employee of Sperry Rand Corporation, brought this private action against his employer under Title III of the Consumer Credit Protection Act, 15 U.S.C. § 1671 et seq. The court below entered summary judgment for the employer based upon its conclusion that Simpson was within the ambit of Section 304(a) of the Act, 15 U.S.C. § 1674(a),[1] but that no private right of action was provided or implied. In light of asserted but unestablished fact issues concerning pre-Act indebtednesses as well as pre- and post-Act levies, our intervening decision in Brennan v. General Telephone Company, 488 F.2d 443 (5th Cir. 1973), may indicate that Simpson is outside the mantle of the statute's protection.

In its brief here Sperry Rand asserts, without contradiction from Simpson or the amicus, Secretary of Labor, that Simpson was assessed by the United States for delinquent tax liabilities on June 7, 1968 and again on May 23, 1969; that a notice of levy (garnishment) was issued to Sperry Rand on the first assessment on December 20, 1968; and that a third assessment (debt) was entered on May 15, 1970. However, the summary judgment record is silent as to each of these matters. Title III of the Consumer Credit Protection Act became effective July 1, 1970. Additional notices of levy were issued to Sperry Rand on September 4, 1970 and October 5, 1970. Simpson was discharged October 9, 1970 pursuant to Sperry Rand's published policy regarding multiple garnishments. The parties disagree whether these last two notices of levy were based upon only one or upon the last two of the assessments. The district judge grounded his belief that only one debt was involved upon an allegation in the complaint that was nev-

---

1. § 304: *Restriction on discharge from employment by reason of garnishment*

    (a) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.

er the subject of an answer or specific response.

As *Brennan* demonstrates, both pre- and post-Act garnishments and indebtednesses can form the basis for discharge consideration under the provisions of Section 304(a). If the facts on remand really show three debts and three garnishments against Simpson that were eligible for Sperry Rand's consideration—more than was necessary to violate established company policy—then under *Brennan* he has no statutory standing to complain. Since neither the trial court nor the parties had *Brennan's* guidance at the time of the proceedings below, we deem it just under the circumstances to vacate the summary judgment appealed from and remand this cause to permit such further fact development as may be necessary to determine Simpson's status.[2] We intimate no views as to the private action enforcement issue upon which the present judgment is based.

Vacated and remanded.