**Deborah K. MAPLE, Plaintiff,**

v.

**CITIZENS NATIONAL BANK & TRUST COMPANY, Defendant.**

**No. CIV–77–0340–D.**

United States District Court,
W. D. Oklahoma.

Aug. 19, 1977.

Jack B. Fried, Midwest City, Okl., for plaintiff.

William B. Rogers, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action seeking to recover compensatory and punitive damages for Defendant's alleged violation of Subchapter II of the Consumer Credit Protection Act, 15 U.S.C. § 1671 et seq. Plaintiff claims that Defendant's dismissal of Plaintiff from Defendant's employment violated 15 U.S.C. § 1674(a) which forbids the discharge of an employee due to the garnishment of his wages for one indebtedness.[1] It is asserted that this Court has jurisdiction of this action by reason of federal question and amount in controversy pursuant to 28 U.S.C. § 1331.

Defendant has filed herein a Motion to Dismiss, Supplemental Motion to Dismiss and Alternate Motion to Strike Demand for Jury. Said Motions are supported by briefs. Plaintiff has filed a Brief in Response to Defendant's Motion to Dismiss and a Response to Defendant's Supplemental Motion to Dismiss and Alternate Motion to Strike Demand for Jury Trial.

The Court will consider these Motions separately.

---

1. 15 U.S.C. § 1674 provides:

"*Restriction on discharge from employment by reason of garnishment*
(a) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.

(b) Whoever willfully violates subsection (a) of this section shall be fined not more than $1,000, or imprisoned not more than one year, or both."

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant has filed herein a Motion to Dismiss these proceedings on the basis that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

In support of its Motion, Defendant contends that 15 U.S.C. § 1674 does not give rise to a federally created private civil cause of action. Defendant notes that there is a conflict between various federal courts with regard to this matter, with the Court of Appeals for the Ninth Circuit deciding that this statute does give rise to a private cause of action[2] and district courts in West Virginia, Louisiana, Iowa, and Kansas determining that there can be no private cause of action based on this statute.[3] Defendant argues that this Court, if it implies a federally created private cause of action arising from 15 U.S.C. § 1674, would be required to conjure guidelines where none exist with regard to procedure, measure of damages and the like and that it would be preempting an area adequately covered by state law.[4] Defendant contends that this Court should follow the line of authorities holding that no private cause of action was intended by Congress in adopting Subchapter II of the Consumer Credit Protection Act.

In her Response to Defendant's Motion, Plaintiff asserts that 15 U.S.C. § 1674 creates a private civil cause of action by implication and that this Court should follow the opinion of the Ninth Circuit in *Stewart v. Travelers Corporation, supra* note 2, and determine that said statute does give rise to a private cause of action.

■ Whether 15 U.S.C. § 1674 gives rise to a private cause of action has not been determined by either the United States Supreme Court, the Court of Appeals for the Tenth Circuit, or a district court of the Western District of Oklahoma. As the parties herein have noted, there is a conflict among various courts with regard to this matter, with the Court of Appeals for the Ninth Circuit deciding that said statute does give rise to a private cause of action and district courts in West Virginia, Louisiana, Iowa and Kansas concluding that the statute does not give rise to a private cause of action. Under these circumstances, though this Court is not bound by the decision of the Ninth Circuit in *Stewart v. Travelers Corporation*,[5] the decision of a court of appeals for another circuit is entitled to great weight[6] and will be highly

2. *Stewart v. Travelers Corporation*, 503 F.2d 108 (Ninth Cir. 1974).

3. *See Western v. Hodgson*, 359 F.Supp. 194 (S.D.W.Va.1973), aff'd, 494 F.2d 379 (Fourth Cir. 1974); *Simpson v. Sperry Rand Corporation*, 350 F.Supp. 1057 (W.D.La.1972), *vacated on other grounds*, 488 F.2d 450 (Fifth Cir. 1973); *Oldham v. Oldham*, 337 F.Supp. 1039 (N.D.Iowa 1972); *Higgins v. Wilkerson*, 63 Labor Cases ¶ 32,379 (D.Kan.1970).

4. 14A Okla.Stat.1971 § 5–106 provides:
   "*No discharge from employment for garnishment*
   No employer shall discharge an employee for the reason that a creditor of the employee has subjected or attempted to subject unpaid earnings of the employee to garnishment or like proceedings directed to the employer for the purpose of paying a judgment arising from a consumer credit sale, consumer lease, or consumer loan, unless the employer shall be served with garnishment or like process issued to collect one or more judgments against the employee on more than two occasions within one year."

5. *See Berryhill v. United States*, 199 F.2d 217 (Sixth Cir. 1952); *Bonham v. Dresser Industries, Inc.*, 424 F.Supp. 891 (W.D.Pa.1976); *Kearney & Trecker Corp. v. Cincinnati Milacron, Inc.*, 403 F.Supp. 1040 (S.D.Ohio 1975); *United States v. Booth*, 399 F.Supp. 975 (D.S.C. 1975); *Johnson v. Associates Finance, Inc.*, 365 F.Supp. 1380 (S.D.Ill.1973); *Basic Boats, Inc. v. United States*, 311 F.Supp. 596 (E.D.Va.1970); *Shultz v. Crotty Brothers Texas, Inc.*, 310 F.Supp. 761 (E.D.Tex.1970); *Tinker v. Des Moines Independent Community School District*, 258 F.Supp. 971 (S.D.Iowa 1966), aff'd, 383 F.2d 988 (Eighth Cir. 1967), rev'd on other grounds, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); *United States v. Motte*, 251 F.Supp. 601 (S.D.N.Y.1966); *Williams v. United States Court*, 246 F.Supp. 968 (E.D.N.C.1965); *Poole v. Stevens*, 190 F.Supp. 938 (E.D.Mich.1960).

6. *Gerace v. Liberty Mutual Insurance Co.*, 264 F.Supp. 95 (D.D.C.1966).

persuasive.[7] This Court, while not controlled by the decision of the Ninth Circuit in *Stewart v. Travelers Corporation*, should nevertheless follow it unless it is erroneous, i. e., unconvincing.[8] Without benefit of a controlling decision from either the United States Supreme Court or the Court of Appeals for the Tenth Circuit, this Court must consider the Ninth Circuit ruling as substantially binding[9] and should, whenever possible, follow the decision of a court of appeals of a sister circuit.[10]

Accordingly, as this Court is unable to conclude that the Ninth Circuit's decision in *Stewart v. Travelers Corporation* is erroneous, this Court will follow the same in determining that 15 U.S.C. § 1674 gives rise to a private civil cause of action. Moreover, it is the opinion of this Court that the decision rendered in *Stewart v. Travelers Corporation* is the correct one. Defendant's Motion to Dismiss these proceedings on the basis that Plaintiff's Complaint fails to state a claim upon which relief can be granted should be overruled.

## SUPPLEMENTAL MOTION TO DISMISS

Pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, Defendant has filed herein a Supplemental Motion to Dismiss this action on the basis that the requisite jurisdictional amount for an action under 28 U.S.C. § 1331 does not exist.

7. *Basic Boats, Inc. v. United States, supra* note 5.

8. *See Kearney & Trecker Corp. v. Cincinnati Milacron, Inc., supra* note 5.

9. *Dawson v. Fernley & Eger,* 196 F.Supp. 816 (E.D.Va.1961).

10. *American Mail Line, Ltd. v. United States,* 213 F.Supp. 152 (W.D.Wash.1962).

11. 28 U.S.C. § 1337 provides:
    "*Commerce and anti-trust regulations*
    The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

12. Rule 38, *supra*, provides in part:

Plaintiff brings the instant action seeking to recover compensatory and punitive damages for Defendant's alleged violation of 15 U.S.C. § 1674(a) of Subchapter II of the Consumer Credit Protection Act. Under 28 U.S.C. § 1337,[11] this Court has original jurisdiction of cases arising under laws regulating interstate commerce. The Consumer Credit Protection Act is such a law. *Hodgson v. Hamilton Municipal Court,* 349 F.Supp. 1125 (S.D.Ohio 1972). 28 U.S.C. § 1337 requires no monetary jurisdictional amount. *Felter v. Southern Pacific Co.,* 359 U.S. 326, 79 S.Ct. 847, 3 L.Ed.2d 854 (1959). Federal jurisdiction may be sustained on the basis of a statute not relied on or alleged in the pleadings. *May v. Supreme Court of Colorado,* 508 F.2d 136 (Tenth Cir. 1974), *cert. denied,* 422 U.S. 1008, 95 S.Ct. 2631, 45 L.Ed.2d 671 (1975). As Plaintiff's action arises under a law regulating interstate commerce, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1337 regardless of the amount of controversy. Accordingly, Defendant's Supplemental Motion to Dismiss this action should be overruled.

## ALTERNATE MOTION TO STRIKE DEMAND FOR JURY TRIAL

In accordance with Rule 38(b),[12] Federal Rules of Civil Procedure, and Local Court Rule 11,[13] Plaintiff has made a demand for trial by jury. Defendant has filed herein an Alternate Motion to Strike Demand for Jury Trial.

"Jury Trial of Right.
(b) *Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

13. Local Court Rule 11 establishes in part:
    "Demand for Jury.
    (a) Any party may demand a trial by jury in accordance with Rule 38(b) of the Federal Rules of Civil Procedure. The demand may be filed separately or endorsed upon a pleading of the party. If so endorsed, the demand shall be set forth separately, at the end of the pleading."

In support of its Motion, Defendant contends that as Plaintiff's claim in this action is equitable in nature, Plaintiff's demand for a jury trial should be stricken. Plaintiff responds that she seeks legal relief only and that she is entitled to a jury trial on her legal claims.

In this action, Plaintiff alleges that Defendant committed a tort when it unlawfully discharged Plaintiff from Defendant's employment in violation of 15 U.S.C. § 1674(a). She seeks to recover actual damages for loss of past and future earnings, past and future mental and physical pain and suffering, loss of paid vacation, loss of Christmas bonus, loss of group hospitalization insurance, humiliation and embarrassment, medical and drug expenses, debts incurred and punitive damages.

As 15 U.S.C. § 1674(a) contains no specific provision for a jury trial, this Court must determine if the instant action brought pursuant to this statute is one in which a trial by jury is authorized under the Seventh Amendment.[14] In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court stated:

> "The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law."

It thus becomes important to determine whether the rights and remedies created by 15 U.S.C. § 1674(a) are legal or equitable in nature.

In this action, Plaintiff alleges that Defendant's discharge of Plaintiff was in violation of 15 U.S.C. § 1674(a). Such a claim sounds in tort. Accordingly, insofar as Plaintiff is requesting money damages based on this alleged tort, she presents legal claims and is entitled to a jury trial on

these legal claims.[15] Defendant's Alternate Motion to Strike Demand for Jury Trial should be overruled.

---

14. "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

15. In the event it is determined that there are legal and equitable claims joined in this action, the legal claims herein are triable by a jury as a matter of right under the Seventh Amendment. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).