500 F.Supp. 59 (1980)
Jack McCABE, Plaintiff,
v.
CITY OF EUREKA, MISSOURI, Defendant.
No. 80-877C(C).
United States District Court, E. D. Missouri, E. D.
September 16, 1980.
*60 John R. Essner, Legal Services, University City, Mo., for plaintiff.
Richard Bumb, Fenton, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court upon the motion to dismiss plaintiff's complaint filed by defendant City of Eureka. For the reasons stated below, defendant's motion will be granted.
Plaintiff brings this action pursuant to 15 U.S.C. § 1674(a), alleging that defendant wrongfully discharged plaintiff from employment because of a possible garnishment of plaintiff's wages. Plaintiff seeks reinstatement and back pay. Defendant moves to dismiss for failure to state a claim upon which relief can be granted, contending that no private right of action exists under this Subchapter of the Consumer Credit Protection Act, 15 U.S.C. §§ 1671-1677.
Plaintiff was an employee of defendant City of Eureka from June 28, 1978 until he was discharged on November 21, 1979. On April 22, 1980, plaintiff received a letter from defendant stating the duration of his employment and that his termination was "due in part to a possible garnishment of wages." Plaintiff is attempting to utilize Section 1674(a) of Title 15, U.S.C., as the basis for a private cause of action against defendant. This Court, however, finds that no private right of action exists under this Section. Hence, plaintiff has failed to state a cause of action.
Subchapter II of the Consumer Credit Protection Act pertains to restrictions on garnishment. 15 U.S.C. §§ 1671-1677. Section 1674(a) precludes employers from discharging employees whose earnings have been subjected to garnishment for any single indebtedness. It is this Section that plaintiff claims defendant violated. Enforcement of Subchapter II, though, is left to the Secretary of Labor as provided for in Section 1676, leaving plaintiff with an administrative remedy only.
Whether a private right of action exists under Subchapter II has not been decided by the Supreme Court or the Eighth Circuit Court of Appeals. The only circuit court to hold that an implied private right of action exists under Section 1674(a) is the Court of Appeals for the Ninth Circuit. Stewart v. Travelers Corp., 503 F.2d 108 (9th Cir. 1974). The Stewart decision, though, preceded the Supreme Court decision that established the factors relevant in determining whether a private remedy ought to be implied under a federal statute not expressly providing one. See Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Considering these factors, the Court of Appeals for the Fifth Circuit recently held that no private right of action exists under Section 1674(a). Smith v. Cotton Bros. Baking Co., Inc., 609 F.2d 738 (5th Cir. 1980), petition for cert. filed, ___ U.S. ___, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980). This Court agrees with the decision of the Fifth Circuit that the language in Stewart *61 must now be viewed as modified by the Cort decision of the Supreme Court. Id. at 741.
The factors relevant in determining whether a private right of action should be implied under a federal statute not expressly providing one include: (1) whether the plaintiff is a member of the class of persons for whose benefit the statute was enacted; (2) whether the legislature has implicitly or explicitly manifested any intent to create or deny such a remedy; (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy; and (4) whether the cause of action is traditionally a creature of state law such that inferring a cause of action based solely on federal law would be inappropriate. Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975).
As an employee of defendant, certainly plaintiff is a member of the class to be benefited by Section 1674(a).
Not so clear is congressional intent regarding the availability of a private remedy. As the Fifth Circuit noted in Smith,
"Inspection of the legislative history reveals no specific congressional intent to vest in discharged employees any federal right to damages for unlawful discharge under section 1674(a)." Smith, supra, at 742.
Moreover, the court in Smith felt that Congress implicitly manifested an intent to deny a private remedy:
"[W]e take note of the statement of the Committee on Banking and Currency that `[e]nforcement of these provisions [in Subchapter II] is vested in the Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor.'" Smith, supra, at 742.
When this is considered along with the fact that Subchapters I and III specifically provide for a private right of action, this Court believes that to find a private action under Subchapter II would be tantamount to judicial legislation.
Whether a private right of action under Section 1674(a) would further the legislative purposes behind the Act is not clear. It is clear to this Court, however, that implication of such a right by the judiciary is inappropriate. All three Subchapters of the Act provide for primary enforcement by administrative agencies. Only Subchapters I and III expressly authorize private remedies as well. Finding nothing in the legislative history to suggest that Congress intended private remedies to apply to the entire Act, this Court believes it would be overstepping its bounds by allowing a private cause of action under Subchapter II. It is a legislative function to decide how best to effectuate the policies of the Act. If the courts were to allow private actions under Subchapter II, private litigation would replace the administrative remedy provided for. This would frustrate the mode of redress provided by Congress, which certainly does not seem to further the legislative scheme. Smith, supra, at 742.
The fourth factor from the Cort decision is whether the action is traditionally relegated to state law, such that inferring a cause of action based solely on federal law would be inappropriate. Cort v. Ash, supra, at 78, 95 S.Ct. at 2087. Because garnishment was traditionally a matter of state law, this would seem to buttress this Court's reasoning. The Smith decision of the Fifth Circuit, however, does point out that "a cause of action based solely on the federal law restricting garnishment might not be inappropriate." Smith v. Cotton Bros. Baking Co., Inc., supra, at 742-43. Regardless, this Court agrees with the Smith court that the other factors militate against implying a private right of action under section 1674(a). Id. at 743.
The majority of district courts presented with this question are in accord with this Court's holding that no private right of action exists under section 1674(a). See, Western v. Hodgson, 359 F.Supp. 194 (S.D. W.Va.1973), aff'd, 494 F.2d 379 (4th Cir. 1974); Simpson v. Sperry Rand Corp., 350 F.Supp. 1057 (W.D.La.1972), vacated on other grounds, 488 F.2d 450 (5th Cir. 1973); Oldham v. Oldham, 337 F.Supp. 1039 (N.D. *62 Ia.1972); Higgins v. Wilkerson, 63 Lab.Cas. ¶ 32,379 (D.Ka.1970). The only district court to find a private right of action under section 1674(a) did so giving great deference to the Ninth Circuit Court of Appeals Stewart decision, the only appellate decision applicable at that time. Maple v. Citizen's Bank & Trust Co., 437 F.Supp. 66 (W.D. Okla.1977). The Maple decision is now of little value as precedent in light of the Fifth Circuit's Smith decision.
Accordingly, this Court holds that no private right of action exists under 15 U.S.C. § 1674(a). Defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action will be granted. The Court is aware that a petition for certiorari has been filed with the Supreme Court in the Smith case and, accordingly, will dismiss plaintiff's complaint without prejudice.