**James E. LE VICK, Plaintiff-Appellee,**

v.

**SKAGGS COMPANIES, INC., Defendant-Appellant.**

**No. 81–5116.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1982.

Decided March 14, 1983.

Michael R. Murphy, Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah, for defendant-appellant.

William C. Wulfers, Jr., Scottsdale, Ariz., for plaintiff-appellee.

Before ELY and NORRIS, Circuit Judges, and GILLIAM,* District Judge.

---

* The Honorable Earl B. Gilliam, United States District Judge for the Southern District of California, sitting by designation.

778

NORRIS, Circuit Judge:

James E. LeVick (LeVick) brought this action against his former employer, Skaggs Companies, Inc. (Skaggs), alleging that he had been discharged by Skaggs in violation of 15 U.S.C. § 1674(a), which prohibits an employer from discharging an employee because the employee's earnings have been subjected to garnishment. LeVick asked for damages and attorney's fees.

Skaggs moved for judgment on the pleadings, claiming that LeVick's complaint failed to state a claim upon which relief could be granted because there was no express or implied civil remedy for a private litigant under 15 U.S.C. § 1674(a). The district court denied Skaggs' motion, but certified the issue for interlocutory appeal under 28 U.S.C. § 1292(b).[1] This court entered the required order permitting the § 1292(b) appeal to be taken.

I

In *Stewart v. Travelers Corp.,* 503 F.2d 108 (9th Cir.1974), our court held that an implied private right of action exists under 15 U.S.C. § 1674(a). Skaggs argues that we should reconsider our holding in *Stewart* in light of subsequent Supreme Court decisions which have significantly changed the standards for determining whether a federal statute gives rise to a private cause of action, citing *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), and *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979).

■ Ordinarily, absent the convening of an en banc panel, the holding of *Stewart* would be controlling authority in our circuit. *Bowe v. Immigration & Naturalization Serv.,* 597 F.2d 1158, 1159, n. 1 (9th Cir.1979). However when existing Ninth Circuit precedent has been undermined by subsequent Supreme Court decisions, this court may reexamine that precedent without the convening of an en banc panel. *See Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 492 (9th Cir.1979) (Because later Supreme Court case had "undermined" theory of earlier 9th Circuit precedent, panel expressly rejected theory of earlier case.). *See also Washington v. Watkins,* 655 F.2d 1346, 1354, n. 10 (5th Cir.) (dictum), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982) (Panel of court can overrule decision of another panel if there has been overriding Supreme Court decision); *Davis v. Estelle,* 529 F.2d 437, 441 (5th Cir.1976) (same) (dictum); 9 *Moore's Federal Practice* ¶ 235.02, p. 35–5, n. 3 (1982) (same). We thus reexamine *Stewart* in light of subsequent Supreme Court decisions to determine its continuing validity.

II

■ In *Stewart,* this court reasoned that the implication of civil remedies under § 1674(a) was necessary to ensure the "full effectiveness of the congressional purpose" of the statute. 503 F.2d at 114. We noted that the threshold test in deciding whether to imply a civil remedy under a federal statute was whether "the statute's protections might be enhanced by allowing private civil relief," *Id.* at 112, and stated the law to be that implied remedies should be allowed "in the absence of a clear congressional intent to the contrary." *Id.* at 110–11, n. 7. The analysis in *Stewart* was based on that employed by the Supreme Court in *J.I. Case Co. v. Borak,* 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). In holding that a private right of action should be implied under § 14(a) of the Securities Exchange Act of 1934, the *Borak* Court noted that "it is the duty of the courts to be alert to provide such remedies as are necessary to make effective the congressional purpose (of a statute)." *Id.* at 433, 84 S.Ct. at 1560. Expressing the view that the purpose of § 14(a) was the protection of investors and

---

1. Pursuant to 28 U.S.C. § 636(c)(1) (Supp. IV, 1980), the parties consented to allow a judicial magistrate to conduct the proceedings below. We find that the language of § 636(c)(1) empowering a magistrate to conduct "any or all proceedings," encompasses the power to order certification of an appealable issue under 28 U.S.C. § 1292(b).

that achievement of that purpose required "private enforcement . . . (as a) supplement to Commission action," the Court allowed private investors to sue under § 14(a) for violation of the proxy rules. At no point did the courts in either *Borak* or *Stewart* discuss whether Congress intended a private right of action to be available under the statutes in question; rather it was assumed that Congress wanted the remedial goals of its statutes achieved and that if a private right of action would help achieve the goals of a statute, it should be implied.

Supreme Court decisions after *Borak* and our decision in *Stewart* have substantially changed the standards for determining whether a private right of action is to be implied under a federal statute. The *Borak* analysis—focusing on whether the purposes of a statute would be achieved by implication of a private right of action—has been repudiated. In its place the Court has substituted an analysis focusing on whether Congress intended to create a private right of action, regardless of its purpose in enacting the statute. In *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 the Court held that

> [t]o the extent our analysis in today's decision differs from that of the Court in *Borak,* it suffices to say that in a series of cases since *Borak* we have adhered to a stricter standard for the implication of private causes of action, and we follow that stricter standard today. . . . The ultimate question is one of congressional intent, not one of whether this Court thinks that it can improve upon the statutory scheme that Congress enacted into law.

442 U.S. at 578, 99 S.Ct. at 2490. The Court drove the final nail in the coffin of *Borak* less than six months later in *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979):

> [w]hile some opinions of the Court have placed considerable emphasis upon the desirability of implying private rights of action in order to provide remedies thought to effectuate the purposes of a given statute, *e.g., J.I. Case Co. v. Borak,* . . . what must ultimately be determined is whether Congress intended to create the private remedy asserted, as our recent decisions have made clear. *Touche Ross & Co. v. Redington.*

444 U.S. at 15–16, 100 S.Ct. at 245.

It is thus beyond dispute that the analysis upon which our court in *Stewart* based its decision has been rejected by the Supreme Court. We must therefore reexamine our holding in *Stewart* to determine whether a private right of action should be implied under the *Touche Ross* and *Transamerica* analysis that we are now bound to employ.

### III

Upon examination of Subchapter II of the Consumer Credit Protection Act, of which § 1674 is a part, we are unable to find any manifestation of congressional intent to provide a private right of action under § 1674(a). Indeed, what evidence there is suggests that Congress intended such a right not to be available.

Subchapter II was enacted out of Congressional concern over "the unrestricted garnishment of wages with the resultant disruption in production, employment and consumption," *Smith v. Cotton Bros. Baking Co., Inc.,* 609 F.2d 738, 742 (5th Cir.), *cert. denied,* 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980), and out of a desire to remedy state-to-state disparities in application of the bankruptcy laws due to differences in restrictions on garnishment in each state. *Id.* Congress thus provided that "no employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness." 15 U.S.C. § 1674(a) (1976). Yet nowhere did Congress indicate a desire to give employees discharged in violation of § 1674(a) a right to sue for damages. Rather, the statute provides that "the Secretary of Labor . . . shall enforce the provisions of this subchapter." 15 U.S.C. § 1676 (1976). The House Committee on Banking and Currency stated that enforcement of the provisions of Subchapter II is vested in "[t]he Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor." H.R.Rep. No. 1040, 90th Cong., 2d Sess., *reprinted in [1968] U.S.Code Cong. & Admin.News,* 197. Moreover, with

the exception of Subchapter II, which includes § 1674, all of the other five subchapters of the Act contain provisions allowing private remedies. 15 U.S.C. §§ 1640, 1667d, 1681n–1681p, 1691e, 1692k & 1693m. In providing for enforcement of Subchapter II only by the Secretary of Labor, while providing for a private remedy in all other subchapters, Congress seems to have left no doubt that it did not intend to create a private right of action under Subchapter II.

Under the analysis of *Touche Ross* and *Transamerica,* having found that Congress did not intend a private remedy to be available under Subchapter II, we believe we must decline to follow *Stewart* and hold that no private right of action exists under § 1674(a).[2] Accordingly, the decision of the district court is

REVERSED.

2. We are not the first court to disagree with our holding in *Stewart.* One circuit court, *Smith v. Cotton Brothers Baking Co., Inc.,* 609 F.2d 738 (5th Cir.), *cert. denied,* 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980), and several district courts, *McCabe v. City of Eureka, Mo.,* 500 F.Supp. 59 (E.D.Mo.1980); *Western v. Hodgson,* 359 F.Supp. 194 (S.D.W.Va.1973); *Simpson v. Sperry Rand Corp.,* 350 F.Supp. 1057 (W.D.La.1972), *remanded on other grounds,* 488 F.2d 450 (5th Cir.1973); *Oldham v. Oldham,* 337 F.Supp. 1039 (N.D.Iowa 1972); *Higgins v. Wilkerson,* 63 Lab.Cas. ¶ 32,379 (D.Kan.1970), have held that Congress did not intend to allow private rights of action under § 1674 and thus that none could be implied. Indeed, with the exception of one district court case, *Maple v. Citizens National Bank & Trust Co.,* 437 F.Supp. 66 (W.D.Okl.1977), *Stewart* stands alone in holding a private right of action to exist under § 1674.