856 F.2d 1211
 129 L.R.R.M. (BNA) 2500, 109 Lab.Cas. P 10,718
 PULLMAN POWER PRODUCTS CORPORATION,
Plaintiff/Counter-Defendant/Appellee,
v.
LOCAL 403, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES
OF THE PLUMBING AND PIPEFITTING INDUSTRY,
Defendant-Appellant,
and
United Association of Journeymen and Apprentices of the
Plumbing and Pipefitting Industry of the United
States and Canada, AFL-CIO,
Defendant/Counter-Plaintiff/Appellant.
 No. 86-6572.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 8, 1987.
Decided Oct. 22, 1987.
Opinion on Rehearing Sept. 16, 1988.
 
 Francis J. Martorana, O'Donoghue & O'Donoghue, Washington, D.C., Jeffrey L. Cutler, Pappy & Davis, Los Angeles, Cal., for defendant-appellant.
 Richard R. Boisseau, Kilpatrick & Cody, Atlanta, Ga., Gregory Michael MacGregor, Ervin, Cohen & Jessup, Beverly Hills, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 OPINION ON REHEARING
 SCHROEDER, Circuit Judge:
 
 
 1
 This is a union appeal from a district court judgment vacating an arbitrator's award. It arises out of the same series of events considered in Howard P. Foley Co. v. International Brotherhood of Electrical Workers, Local 639, 789 F.2d 1421 (9th Cir.1986). The case came before us in October of 1987, and by memorandum disposition we affirmed, 831 F.2d 303, stating that the majority opinion in Foley governed the outcome in this case.
 
 
 2
 Following our decision, and during the pendency of the appellant's petition for rehearing, the Supreme Court decided United Paperworkers International Union v. Misco, Inc., --- U.S. ----, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). We asked for supplemental briefing and granted rehearing because of that decision. We now hold that we must vacate our earlier disposition and reverse the judgment of the district court. We do so because this court's decision in Foley is inconsistent with Misco. Foley can no longer be regarded as controlling circuit law. See LeVick v. Skaggs Co., Inc., 701 F.2d 777, 778 (9th Cir.1983); Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 492 (9th Cir.1979).
 
 
 3
 This case, like Foley, involves a grievance of employees of a subcontractor at the Diablo Canyon Nuclear Power Plant construction site in 1983. The employees were barred from the construction site by Pacific Gas & Electric, the owner of the project, as a result of a drug investigation. The Foley case involved a different subcontractor and different employees, but the same drug investigation.
 
 
 4
 In this case and in Foley, the unions pursued grievances on behalf of the employees. The arbitrator in both cases held that certain employees were entitled to back pay under the contract because they were terminated without just cause. We set aside the arbitrator's award in Foley, holding that because PG & E and not the contractor had barred the employee from the job site, employment after that point was a legal and contractual impossibility. See 789 F.2d at 1423. Here, the arbitrator expressly rejected the impossibility defense as unavailable under the contract. The district court, although it disagreed with Foley, felt constrained to apply it to the circumstances of this case.
 
 
 5
 The Misco decision contains sweeping language mandating that courts may not reconsider the merits of an award even when the parties "allege that the award rests on errors of fact or on misinterpretation of the contract.... [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." 108 S.Ct. at 370-71 (emphasis added). Misco strengthens the current validity of the Supreme Court's decision in W.R. Grace & Co. v. Local Union 759, International Union of United Rubber, Cork, Linoleum & Plastic Workers of America, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983), which stated that a court could not disagree with an arbitrator's implicit rejection of an impossibility defense.
 
 
 6
 The judgment of the district court is REVERSED.
 
 BEEZER, Circuit Judge, dissenting:
 
 7
 This case presents the same fact pattern as Foley v. IBEW, Local 639, 789 F.2d 1421 (9th Cir.1986). Our holding in Foley controls. The Supreme Court's decision in United Paperworkers Intern. Union v. Misco, Inc., --- U.S. ----, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), does not affect our holding in Foley.
 
 
 8
 In Foley we held that in the absence of causation, an award of damages is punitive. Because the collective bargaining agreement did not provide for punitive awards, the arbitrator's award could not be based on the collective bargaining agreement. Foley, 789 F.2d at 1423-24.
 
 
 9
 In this case, as in Foley, the company's breach of the agreement did not cause the employee's loss. In Foley we reasoned as follows:
 
 
 10
 The award of damages in the present case does not draw its essence from the CBA, for the agreement's essence does not contemplate punitive, but only compensatory awards. Though not termed punitive, the award here can only be such, for there is nothing in the record showing it validly compensatory. There is no causal connection between the breach and the loss since Thomas, as conceded by the Union and the arbitrator, was barred from the jobsite by PG & E, not Foley, during the time period for which the lost earnings were assessed. Both the arbitrator and Foley were powerless to return Thomas to the jobsite once PG & E ordered him barred. As such, the loss sustained by Thomas would have occurred whether or not Foley breached the CBA.
 
 
 11
 Id. at 1423.
 
 
 12
 As this passage shows, Foley is consistent with an earlier Supreme Court case, W.R. Grace & Co. v. Rubber Workers, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). In W.R. Grace the Court noted that a court is not free to disagree with an arbitrator's rejection of an employer's impossibility defense to breach of contract. Id. at 767 n. 10, 103 S.Ct. at 2184 n. 10. In Foley we did not disturb the arbitrator's rejection of Foley's impossibility defense; we credited the arbitrator's finding that a "breach" had occurred. Rather, in Foley as in this case, lack of causation of damages was the critical factor. As we said in Foley: "the loss ... would have occurred whether or not [the company] breached the CBA." 789 F.2d at 1423. The flip side of lack of causation is not impossibility of the employer's performance, but of the employees' performance: even if the company had not terminated the employees, they would have been unable to enter the jobsite and so could not have earned their pay.
 
 
 13
 In Misco the Supreme Court never even mentioned impossibility or lack of causation. The Court was mainly concerned with whether vague public policy justified a court in overturning an arbitrator's award. See 108 S.Ct. at 373-74. In passing, the Court also restated that a court would not be justified in doing so based on disagreement with the arbitrator's view of evidence that a breach had occurred. Id. at 371. The Supreme Court simply repeated that a court must defer to an arbitrator's interpretation of the collective bargaining agreement:
 
 
 14
 As the Court has said, the arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.
 
 
 15
 Id.
 
 
 16
 The award in this case does not satisfy the "draw its essence" or "arguably construing" test. In Foley, having decided that absence of causation renders an award punitive, we inevitably concluded that "[t]he award of damages in the present case does not draw its essence from the CBA, for the agreement's essence does not contemplate punitive, but only compensatory awards." 789 F.2d at 1423. The rule that punitive awards do not draw their essence from such a bargaining agreement is well-established, not only in our circuit but in others. See, e.g., Desert Palace v. Local Joint Executive Bd. of Las Vegas, 679 F.2d 789, 794 (9th Cir.1982); Bacardi Corp. v. Congresso de Uniones Industriales de Puerto Rico, 692 F.2d 210, 214 (1st Cir.1982); Baltimore Regional Joint Bd. v. Webster Clothes, Inc., 596 F.2d 95, 98 (4th Cir.1979) (holding, like Foley, that absence of causation renders award punitive). When the agreement makes no provision for a punitive award, an arbitrator who grants one is not "even arguably construing or applying the contract and acting within the scope of his authority." Misco, 108 S.Ct. at 371 (emphasis added). As we instructed in Foley, a court should not sustain such an award. 789 F.2d at 1424. We are bound by Foley.