943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALASKA HOUSING FINANCE CORPORATION, Plaintiff-Appellant,
v.
Mary Lou LOVE, Defendant-Appellee.
 No. 90-35767.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Sept. 9, 1991.
 
 Before TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alaska Housing Finance Corporation appeals the bankruptcy court's decision that a chapter 13 debtor may avoid the "undersecured" portion of a deed of trust lien against the debtor's principal residence. Alaska Housing appealed to the district court. The district court affirmed. Alaska Housing appeals. We affirm.
 
 DISCUSSION
 
 3
 On October 3, 1989, Mary Lou Love filed a petition under Chapter 13 of Title 11, U.S.Code, in the United States Bankruptcy Court for the district of Alaska. At that time, Alaska Housing held a first deed of trust lien on a condominium owned by Love. The condominium was her principal residence. The original loan secured by Love was in the amount of $50,250. At the time of the filing of the Chapter 13, the parties stipulated that the condominium had a fair market value of $9,500 and the outstanding loan balance at that time was $49,458.
 
 
 4
 Love filed an adversary proceeding in which the bankruptcy court determined that the excess of Alaska Housing's claim over $9,500 was disallowed as a secured claim and allowed as an unsecured claim. The $9,500 was allowed as a secured claim.
 
 
 5
 In her Chapter 13 plan, Love proposed to pay her unsecured creditors $17 per month. These payments will increase in the twenty-sixth month because, at that time, Love will have paid the entire portion of the secured debt to Alaska Housing.
 
 
 6
 This case turns on the interplay between sections 506 and 1322 of the Bankruptcy Code. Section 506 provides:
 
 
 7
 An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.
 
 
 8
 11 U.S.C. § 506(a). By virtue of this provision, the Bankruptcy court found that Alaska Housing had a secured claim in the amount of $9,500 and an unsecured claim for the balance owed on the loan of approximately $40,000. The bankruptcy court then declared the lien void to the extent that it exceeded $9,500.00 pursuant to 11 U.S.C. § 506(d) which states: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void...."
 
 
 9
 Alaska Housing argues that Section 1322(b)(2) prohibits the modification of its lien because it is secured by the debtor's principal residence. Section 1322(b)(2) provides:
 
 
 10
 Subject to subsections (a) and (c) of this section, the plan may--
 
 
 11
 .............................................................
 
 
 12
 ...................
 
 
 13
 * * *
 
 
 14
 (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.
 
 
 15
 11 U.S.C. § 1322(b)(2). We rejected an argument identical to Alaska Housing's in Hougland v. Lomas & Nettleton Co. (In re Hougland), 886 F.2d 1182, 1185 (9th Cir.1989). We concluded that the Bankruptcy Code "provided for the separation of undersecured claims into two components--a secured component and an unsecured component. It has then provided for their treatment in Chapter 13 proceedings. The secured portion has special protection when residential real estate lending is involved. The unsecured portion does not." Id.
 
 
 16
 Alaska Housing urges this panel to overrule Hougland. Only an en banc court has the power to reject our precedent unless some intervening Supreme Court opinion has undermined that precedent. Pratt v. McCarthy, 850 F.2d 590, 593 (9th Cir.1988); LeVick v. Skaggs Co., 701 F.2d 777, 778 (9th Cir.1983). Alaska Housing does not suggest that any Supreme Court decision has undermined Hougland. Therefore, we must follow Houghland and reject Alaska Housing's argument. United States v. Clegg, 846 F.2d 1221, 1224 (9th Cir.1988).
 
 
 17
 The decision of the district court and that of the bankruptcy court are
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3