# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2014

Lyle W. Cayce
Clerk

No. 12-11042
Summary Calendar

GHASSAN E. NADDOUR,

Plaintiff-Appellant

v.

NATIONSTAR MORTGAGE L.L.C.; HUGHES, WATTERS, & ASKANASE, L.L.P.,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1096

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ghassan E. Naddour, proceeding pro se, appeals the grant of summary judgment in his civil suit in favor of defendants Nationstar Mortgage, L.L.C. (Nationstar) and Hughes, Watters, & Askanase, L.L.P. (HWA). Naddour's suit challenged the foreclosure of a property located in Midlothian, Texas. The complaint raised claims of fraud, intentional infliction of emotional distress,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11042

and also alleged that the defendants violated state laws and federal statutes, including the Fair Debt Collection Practices Act (FDCPA), Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA).[1]

The $242,100 loan for the property from Southwest Funding was evidenced by a promissory note signed by Naddour and secured by a deed of trust, also signed by Naddour. The note provided that Southwest Funding, as the lender, may transfer the note. The transferee was designated as the note holder and was authorized under the note. The beneficiary of the deed of trust was Mortgage Electronic Registration Systems, Inc. The note was ultimately transferred to GMAC Mortgage Corporation. GMAC Mortgage Corporation endorsed the note in blank and presented it to Nationstar for servicing on the loan. In March 2010, Naddour stopped making payments on the loan and was subsequently notified that the loan was in default. Nationstar referred the matter to law firm HWA for foreclosure. In response to letters from Naddour dated September 13, 2010, October 1, 2010, and October 18, 2010, HWA verified the debt. The property was sold in a non-judicial foreclosure sale on December 7, 2010.

On appeal, Naddour does not brief issues that were addressed by the district court. Specifically, he fails to address his claims of intentional infliction of emotional distress, violations of FDCPA, fraud, and declaratory judgment. The district court granted summary judgment on the fraud claim finding that he failed to plead fraud with sufficient particularity. Naddour does not address this finding. His claims arising under TILA and Regulation Z were rejected on the finding that the claims were barred by the statute of limitations. Naddour does not address the district court's finding on this issue.

---

[1] Naddour's suit was originally filed in state court and timely removed on the basis of the federal question of jurisdiction.

General arguments giving only broad standards of review and not citing to any error are insufficient to preserve issues for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Naddour has failed to brief any issue relating to the district court's grant of summary judgment in favor of the defendants on the aforementioned claims, the issues are abandoned. *See Brinkmann*, 813 F.2d at 748.

Naddour first challenges the jurisdiction of the district court, though he did not raise a jurisdictional challenge in the district court. Naddour presents an incoherent and rambling argument. He does not identify any authoritative basis to support his claim that the district court was without jurisdiction to entertain and decide his claims. Nor does Naddour assert any claim that the removal to federal court was without a valid basis or in any way improper. With no valid argument presented to support his claim, it is denied.

The district court denied Naddour's motion to appoint "assistant counsel," wherein he argued that he had a right to counsel of choice. He now challenges the denial of that motion. The Sixth Amendment right to counsel does not apply in civil cases. *See Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986). Accordingly, the district court did not err in denying Naddour's motion.

Regarding the district court's order granting summary judgment in favor of the defendants, Naddour contends that there was a genuine material issue regarding whether Nationstar violated RESPA by failing to respond to his request for debt validation. He further contends that, as servicers of the loan, Nationstar was not authorized to foreclose on the loan. This argument fails, however, as this court has previously held that, in Texas, "the mortgage servicer need not hold or own the note and yet would be authorized to

administer a foreclosure." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).

We review summary judgment de novo. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Although this court draws "all justifiable inferences in the light most favorable to the nonmoving party, the non-movant must present sufficient evidence on which a jury could find in his favor." *Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008). Conclusional allegations, speculation, improbable inferences, or a mere scintilla of evidence are insufficient to defeat a summary judgment motion. *Michaels v. Avitech, Inc.,* 202 F.3d 746, 754-55 (5th Cir. 2000).

The evidence submitted by the defendants in connection with the motion for summary judgment showed that HWA responded to Naddour on October 28, 2010. The letter from HWA was received at the Texas address on October 30, 2010, and at Naddour's California address on November 1, 2010. Naddour did not offer evidence in rebuttal. In his brief, he offers nothing more than conclusory assertions that the defendants did not reply to his request. His assertions are insufficient to defeat the summary judgment motion. *Michaels*, 202 F.3d at 754-55.

Naddour also argues that the district court erred in relying on these documents because they were submitted as business records introduced through affidavits from custodians of record for Nationstar and HWA, Michelle Smith and Dominique Varner. He contends that Smith and Varner had no personal knowledge of the correctness of the records, and therefore, the affidavits were defective.

No. 12-11042

In the instant case, Naddour failed to timely move to strike the affidavits or otherwise challenge their admissibility in the district court. Accordingly, his challenge to the affidavits is waived. *Auto Drive-Away Co, Inc. v. Interstate Commerce Comm'n*, 360 F.2d 446, 448-49 (5th Cir. 1966).

Accordingly, the judgment of the district court is AFFIRMED.