# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2025

Lyle W. Cayce
Clerk

_____

No. 24-30599

_____

Annie Marbury,

*Plaintiff—Appellant*,

*versus*

United National Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-2692

_____

Before Higginson, Ho, and Wilson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:[*]

This dispute arises from an insurer's refusal of a policyholder's claim for coverage. Applying Louisiana law, the district court granted summary judgment in favor of the insurer, Defendant-Appellee United National Insurance Company ("United"), concluding that the policyholder, Plaintiff-Appellant Annie Marbury ("Annie Marbury"), did not have an "insurable interest" in the property covered by her insurance policy.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30599

On appeal, Annie Marbury argues that the district court erred by (1) relying on documentary evidence first submitted by United in its reply to its motion for summary judgment and (2) concluding that she lacked an insurable interest in the property at issue.

We hold that Annie Marbury failed to preserve her evidentiary challenge. However, we VACATE and REMAND for further proceedings because the district court erroneously discounted Annie Marbury's deposition testimony even though it concerned a disputed material fact related to her purported interest in the property.

I

A

A parsonage ("Property") located in Lake Charles, Louisiana, is at the center of this dispute. The Property is owned by—and affiliated with— the Church of Jesus Christ House of Prayer ("Church"); Annie Marbury co-founded the Church, a "Non-Profit Religious Corporation," in 2008 and remains its "president" and "registered agent[.]"

In February 2019, the Church, acting as the named insured, filed a claim with its insurer at the time, Guideone Insurance ("Guideone"), seeking coverage for fire damage to the Property. Annie Marbury supported the Church's claim by sending a letter to Guideone on March 15, 2019, stating that her daughter, "Mahogany Marbury, an ordained Minister, who serves as the Youth Pastor at the [Church], is living in the [Property]." Annie Marbury's letter further stated that Mahogany Marbury "is allowed to stay in the [Property] rent free, the church organization pays the mortgage, she pays utilities and any extra expenses."

2

No. 24-30599

Later that year, Annie Marbury obtained a new insurance policy ("Policy") for the Property, this time from United.  Unlike before, the Policy named Annie Marbury as the insured—not the Church.

In August 2020, Hurricane Laura struck Louisiana and extensively damaged the Property, which Mahogany Marbury inhabited at the time.  To account for the cost of various repairs, Annie Marbury filed a claim with United and received $47,889.00.  Later, Annie Marbury sought an additional $192,425.05 to compensate for the estimated cost of two further repairs; because United never tendered payment, the underlying lawsuit followed.

B

On August 15, 2022, Annie Marbury sued United in the Western District of Louisiana, alleging (1) breach of contract; (2) a violation of Louisiana Revised Statutes § 22:1892; and (3) a violation of Louisiana Revised Statutes § 22:1973.[1]

As alleged in the complaint, United breached "its obligations to [Annie Marbury] under the insurance [P]olicy by its failure to pay timely the amounts owed[.]"  According to Annie Marbury's complaint, United's inaction also violated Louisiana Revised Statutes § 22:1892, which obligates an insurer to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss" and, separately, Louisiana Revised Statutes § 22:1973, which imposes on insurers "an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both."

---

[1] Louisiana Revised Statutes § 22:1973 was repealed by Act No. 3 of the 2024 Regular Session, effective July 1, 2024.  *See* Act No. 3 of the 2024 Regular Session, Senate Bill No. 232.

3

No. 24-30599

United moved for summary judgment and, in support of its motion, filed the following exhibits: (1) the Church's insurance claim under the Guideone policy, as depicted in the Property's history of prior claims; (2) Annie Marbury's application for insurance with United; (3) the operative Policy; (4) the Property's collateral mortgage, which names the Church as the only mortgagor; (5) a parish assessment identifying the Church as the sole owner of the Property; and (6) Annie Marbury's deposition testimony. Later, United filed Annie Marbury's letter to Guideone as an exhibit attached to its reply brief.

Primarily, United argued that Annie Marbury's claims failed as a matter of Louisiana law because she lacked the requisite "insurable interest" in the Property. According to United, Annie Marbury "does not have any clear economic or pecuniary interest in the home, does not have the right of possession and occupancy, is not collecting rent, is not free to let just anyone stay at the property." Although United acknowledged that Annie Marbury "act[ed] as the Church's agent when taking out the loan to secure the [Property] [,]" it contended that she did not have an "economic interest in the property, as she has not personally financially contributed to [its] maintenance or construction[.]"

As an alternative ground for summary judgment, United argued that it was never obligated to provide coverage because Annie Marbury's insurance application contained material misrepresentations. Specifically, Annie Marbury did not "disclose that the actual owner of the [P]roperty was the Church" and, "although the application states it will be a rental, [Annie] Marbury does not charge rent for those who stay at the [P]roperty."

The district court granted summary judgment in part. First, the district court held that Annie Marbury lacked an insurable interest in the Property. Relying on United's documentary evidence, the district court

4

found that "[t]he Church owns the [P]roperty, the Church is the mortgagor, and the Church pays the mortgage." The district court acknowledged that Annie Marbury, through her deposition testimony, "asserts that she has paid the note on the home since its purchase." However, the district court deemed Annie Marbury's testimony "self-serving[,]" reasoning that she "presented no summary judgment evidence that she *personally* has provided funds for maintenance or other financial contribution to benefit the house." (emphasis added). In support of its conclusion that Annie Marbury acted as an agent of the Church, and not in her individual capacity, the district court cited the March 2019 letter to Guideone as "proof . . . the Church paid the mortgage and not [Annie Marbury]."

Finally, the district court declined to hold that Annie Marbury's insurance application contained material misrepresentations, explaining that United's application never required Annie Marbury to disclose the owner of the Property and instead "only asked the 'Applicant Name.'" Additionally, the district court recognized that "[t]he application inquired as to 'Property Information' and then 'Occupancy' to which, [Annie] Marbury responded 'RENTAL[,]'" but found this wording "vague" because "Mahogany [Marbury] was living in the house rent free as part of her compensation package" and, as such, "one could easily infer that she was renting the house, and her consideration for the rent was her work as a Youth Pastor."

After final judgment was entered on September 3, 2024, Annie Marbury timely appealed the district court's grant of summary judgment in favor of United.

II

On appeal, Annie Marbury argues that the district court (1) committed reversible error by improperly considering the March 2019 letter to Guideone, which United attached to its reply brief and (2) erred as a matter

of Louisiana law by concluding that she lacked an insurable interest in the Property.

"An appeal of a summary judgment presenting evidentiary issues raises two levels of inquiry." *Balboa Cap. Corp. v. Okoji Home Visits MHT, L.L.C.*, 111 F.4th 536, 546 (5th Cir. 2024) (quoting *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 286 (5th Cir. 2020)). First, "[w]e review 'evidentiary rulings for abuse of discretion.'" *Huynh v. Walmart Inc.*, 30 F.4th 448, 457-58 (5th Cir. 2022) (quoting *Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 736 (5th Cir. 2020)). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Balboa Cap. Corp.*, 111 F.4th at 546 (quoting *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod., Inc.*, 951 F.3d 248, 256 (5th Cir. 2020)). "But even if the district court abused its discretion, 'we will not reverse erroneous evidentiary rulings unless the aggrieved party can demonstrate 'substantial prejudice.''" *Huynh*, 30 F.4th at 458 (quoting *Viazis v. Am. Ass'n of Orthodontists*, 314 F.3d 758, 767 (5th Cir. 2002)).

"Once the summary judgment record is defined, 'we review *de novo* whether summary judgment was appropriately granted.'" *Balboa Cap. Corp.*, 111 F.4th at 546 (quoting *Ratliff*, 948 F.3d at 286). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Senechal v. Allstate Vehicle and Prop. Ins. Co.*, 127 F.4th 976, 978 (5th Cir. 2025) (quoting Fed. R. Civ. P. 56(a)). "We review evidence in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011) (citation omitted).

A

As a threshold issue, Annie Marbury contends that the district court committed reversible error by considering her letter to Guideone because United filed the exhibit with its reply brief rather than its motion for summary judgment.

"[W]hen a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (citation omitted). Thus, the district court abuses its discretion by denying a party leave to file a surreply after an opposing party has "raise[d] new arguments or evidence for the first time in a reply[.]" *Id.*; *see also RedHawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020) ("And while there is no right to file a surreply and surreplies are 'heavily disfavored,' a district court abuses its discretion when it denies a party the opportunity to file a surreply in response to a reply brief that raised new arguments and then relies solely on those new arguments it its decision.").

During proceedings below, Annie Marbury did not seek leave to file a surreply, move to strike the exhibit, or otherwise object in any capacity. Accordingly, the district court never expressly denied Annie Marbury an opportunity to contest United's exhibit and, in this way, did not err. *See Conroy v. Vilsack*, 707 F.3d 1163, 1179 n.6 (10th Cir. 2013) ("Our case law makes clear that a district court abuses its discretion only when it both denies a party leave to file a surreply *and* relies on new materials or new arguments in the opposing party's reply brief.") (alteration in original).

Nor did the district court deprive Annie Marbury by granting summary judgment *before* she had a meaningful opportunity to seek leave to file a surreply or otherwise contest the exhibit. The district court issued its ruling nearly two weeks after United filed its reply. Importantly, Annie

Marbury filed an eight-page opposition brief related to a *separate* evidentiary issue during that period, indicating that counsel had an adequate opportunity to, at minimum, seek leave to contest the letter.  By failing to mount any opposition below, Annie Marbury has not preserved her evidentiary challenge on appeal.  *See Naddour v. Nationstar Mortg., L.L.C.*, 553 F. App'x 435, 437 (5th Cir. 2014) (mem.) ("In the instant case, [Plaintiff] failed to timely move to strike the affidavits or otherwise challenge their admissibility [at summary judgment] in the district court.  Accordingly, his challenge to the affidavits is waived.") (citation omitted).

Even assuming, *arguendo*, that Annie Marbury preserved her evidentiary challenge, we do not discern reversible error.  Though required by our caselaw, Annie Marbury has failed to brief, much less identify, any "substantial prejudice" traceable to the district court's consideration of her letter.  *See  Huynh*, 30 F.4th at 458 ("[Plaintiffs Huynh and Bustos] do not provide any argument that they were harmed, let alone substantially prejudiced, by allowing Walmart to attach portions of Bustos's deposition, portions of Huynh's deposition, an asset protection case record sheet, and body camera footage from a Houston police officer to its summary judgment reply.  Because they present no argument on these points, there is no basis for the court to find an abuse of discretion.").

B

Turning to the merits, Annie Marbury contends that the district court erred as a matter of Louisiana law by holding that she lacked an insurable interest in the Property.

1

No. 24-30599

"Louisiana law is clear that an insured must have an insurable interest in the property in order to recover on an insurance policy."[2] *Haddad v. Elkhateeb*, 2010-0214, p.7–8 (La. App. 4 Cir. 8/11/10); 46 So. 3d 244, 251 (citing *Young v. State Farm Fire & Cas. Ins. Co.*, 426 So. 2d 636, 640 (La. App. 1 Cir. 1982)). "The insurable interest must exist not only at the time the policy is written, but also at the time of the loss." *Id.* (citing *Armenia Coffee Corp. v. Am. Nat. Fire Ins. Co.*, 2006-0409, p. 9 (La. App. 4 Cir. 11/21/06); 946 So. 2d 249, 254). "'Insurable interest' means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage." *Barham v. USAA Cas. Ins. Co.*, 49,121, p.5 (La. App. 2 Cir. 6/25/14); 144 So. 3d 1166, 1170 (citing LA. REV. STAT. § 22:853(B)). In other words, "any person has an insurable interest in property, by the existence of which he will gain an advantage, or by the destruction of which he will suffer a loss, regardless of whether he has or does not have title in, or a lien upon, or possession of the property itself." *Haddad*, 46 So. 3d at 251 (citing *Armenia Coffee Corp.*, 946 So. 2d at 254–55). Conversely, "[i]f the loss of the insured property does not expose the insured to either direct, immediate or potential financial loss or liability, the insured is without an insurable interest." *Armenia Coffee Corp.*, 946 So. 2d at 254 (citing *Rube v. Pac. Ins. Co. of N.Y.*, 131 So. 2d 240, 243 (La. App. 1 Cir. 1961)).

Critical to this dispute, Louisiana law "imposes no limitation on multiple insurable interests." *Haddad*, 946 So. 2d at 251. Thus, "there may be several distinct interests that may be insured" and, by that same token,

---

[2] The substantive law of Louisiana governs this dispute. *See Camacho v. Ford Motor Co.*, 993 F.3d 308, 311 (5th Cir. 2021) ("In diversity cases, we apply state substantive law and federal procedural rules.") (citation omitted).

9

"an interest may exist in several people at the same time." *Id.* (citations omitted).

2

According to Annie Marbury, the district court improperly discounted her deposition testimony and, in so doing, overlooked a genuine dispute of material fact—"specifically, if [Annie] Marbury paid the payments on [the] [P]roperty or in her personal capacity or in her capacity solely as an agent of the Church."

As an initial matter, the fact dispute Annie Marbury identifies is material to the central issue on appeal. Louisiana law permits "multiple" insurable interests. *Haddad*, 946 So. 2d at 251. So, if Annie Marbury can evince a substantial economic interest in the Property—one that results in exposure "to either direct, immediate or potential financial loss"—her interest is insurable even if the Property is owned and controlled by the Church, and regardless of whether it was inhabited by Mahogany Marbury when Hurricane Laura struck. *See Armenia Coffee Corp.*, 946 So. 2d at 254; *Haddad*, 46 So. 3d at 251.

We next consider the district court's assessment of Annie Marbury's deposition testimony. Below, the district court concluded that Annie Marbury lacked an insurable interest based on its premise that she "presented *no* summary judgment evidence that she *personally* has provided funds for maintenance or other financial contribution to benefit the [Property]." (emphases added). But in the same breath, the district court *also* "acknowledg[ed] that [Annie Marbury] testified that she paid the mortgage[,]" and even opined that "she may have physically" done so. In an attempt to square the circle, the district court labelled Annie Marbury's testimony "self-serving" and, moreover, faulted her failure to present

"corroborat[ive]" evidence, "such as a personal bank statement or personal check."

The district court erred by summarily discounting Annie Marbury's deposition testimony—namely, her repeated assertions that she purchased the Property and paid the mortgage in her personal capacity. Our caselaw makes clear that "'self-serving' affidavits and depositions may create fact issues even if not supported by the rest of the record." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021). And if "otherwise competent[,]" such deposition testimony "may not be discounted just because [it] happen[s] to be self-interested." *Id.* at 160-61. Contrary to the district court's analysis, including its imposition of a corroboration-requirement, "[t]he mere fact that a statement is self-serving does not reduce its value" and, "in the summary judgment context, '[s]imply being 'self-serving' . . . does not prevent a party's assertions from creating a dispute of fact.'" *Salazar v. Lubbock Cnty. Hosp. Dist.*, 982 F.3d 386, 392 (Ho, J., concurring) (alteration in original) (quoting *Bargher v. White*, 928 F.3d 439, 445 (5th Cir. 2019)). True, "we have held self-serving affidavits or depositions insufficient to create a fact issue . . . because their contents were either conclusory, vague, or not based on personal knowledge." *Guzman*, 18 F.4th at 161 (citations omitted). Here, however, the district court disregarded Annie Marbury's testimony *without* mentioning, let alone assessing, these potential deficiencies.

We decline to consider, in the first instance, whether Annie Marbury's testimony creates a genuine factual dispute and instead remand this case to the district court for further proceedings. *See Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 214 (5th Cir. 1976) ("[W]e are reluctant to reverse outright the District Court's grant of partial summary judgment on the basis of our own record-based conclusion . . . . Therefore, we vacate the summary judgment and remand the case to the District Court for further

No. 24-30599

consistent proceedings."); *Simpson v. Sperry Rand Corp.*, 488 F.2d 450, 452 (5th Cir. 1973) (vacating summary judgment and remanding to district court for "further fact development").  On remand, the district court shall order additional discovery limited to Annie Marbury's economic interest in the Property, including payment of the mortgage, along with other forms of financial investment, such as furnishings.[3]  After the close of discovery, and with the benefit of supplemental briefing if necessary, the district court is directed to resolve United's motion for summary judgment by reassessing whether Annie Marbury holds an insurable interest in the Property.[4]

\* \* \*

For the foregoing reasons, we VACATE and REMAND for further proceedings consistent with this opinion.

---

[3] Though raised below, the district court did not address Annie Marbury's argument that she "furnished the [P]roperty" and, in so doing, created an insurable interest by investing "time and money[.]"

[4] We do not disturb the district court's holding as to material misrepresentation.

Cory T. Wilson, *Circuit Judge*, concurring in the judgment:

After United moved for summary judgment on the issue whether Annie Marbury possessed an insurable interest in the Property, Marbury offered only her deposition testimony that she "paid the note" on the Property and "furnished it" for the Church's use. But given Marbury's status as the Church's principal agent and the evidence in the record suggesting that Marbury conducted business—including handling mortgage payments—on behalf of the Church, rather than in her personal capacity, it is unclear whether Marbury paid the mortgage or furnished the Property with her own personal funds, or using the Church's.

As I read the district court's opinion, the court granted summary judgment for United due to a lack of evidence substantiating that Marbury's testimony could reasonably be read to show that she invested *personal funds* into the Property. I do not read the district court's decision, as the majority opinion seems to do, to turn on the court's erroneously disregarding Marbury's testimony as "self-serving"; the court's analysis otherwise suggests that it granted summary judgment for a permissible reason. *See Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986); *accord Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."); *Southway Theatres, Inc. v. Ga. Theatre Co.*, 672 F.2d 485, 495 (5th Cir. 1982) ("[T]he plaintiff's burden when responding to a properly supported summary judgment motion is to offer significant probative evidence tending to support the complaint.").

Nevertheless, I agree that Marbury's ambiguous testimony is sufficient to preclude summary judgment at this juncture. On remand, the district court should reconsider United's motion following additional

discovery limited to whether Marbury paid the Property's mortgage or furnished the Property in her personal capacity or in her capacity as an agent of the Church—the only two viable theories advanced by Marbury in her prior summary judgment briefing. Resolving that ambiguity will resolve whether Marbury holds an insurable interest in the Property.